REUBEN RUFF, Probate Judge, use, &c., v. W. H. SMITH et al.

1. ADMINISTRATOR, IN CHIEF AND DE BONIS NON: NO PRIVITY BETWEEN.—There is no privity between the administrator in chief and the administrator *de bonis non;* hence, an execution issued after the revocation of the letters of the former, upon a judgment rendered against him, cannot be levied upon assets in the hands of the latter, without a revivor of the judgment against him.
2. SAME.—A judgment rendered against the administrator in chief, cannot be made the foundation of a suit against the administrator *de bonis non* and his sureties on his bond, for a *devastavit.*
3. JUDGMENT: ASSIGNMENT OF.—A judgment is not assignable at common law, or by statute; the purchaser thereof is merely an equitable holder; and it is doubtful whether a court of law would so far recognize the title of an assignee of a judgment rendered against an administrator, as to allow him to make it the basis of an action against the administrator and his surety, for a *devastavit.*

IN error to the Circuit Court of Noxuba county. Hon. John Watts, judge.

*Geo. L. Potter,* for plaintiff in error.

*James T. Harrison,* for defendants in error.

1. Judgments are not admissible at law, and it is well settled that no action can be maintained on an administrator's bond, at the relation of the assignee of a judgment against him. *Burnett* v. *Haswell,* 3 Leigh, 89, 92; *Matthews* v. *Baily,* 25 Miss. R. 38; 2 Litt. 357; 3 A. K. Marsh. 1176; Hutch. Code, 336-441.

2. This action cannot be maintained by a creditor who has not obtained a judgment against the administrator, to be levied of the goods and chattels of the intestate in his hands to be administered, and a return of *nulla bona* on that judgment. *Jones and Wife* v. *Irvine's Ex'or,* 23 Miss. R. 363, 365; *Durkins* v. *Baily et al.,* Ib. 284, 291; *Cogan* v. *Duncan,* Ib. 275; 2 How, 617, 625, 626; 6 Ib. 93, 101; 2 Lomax, Ex'or, 458; 6 Porter, 403; 3 Leigh, 89; 3 Call, 333; 5 Ib. 520.

3. A judgment against the original administrator cannot be made the basis of an action against the administrator *de bonis non* and his sureties for a *devastavit,* as they are not parties to the suit, and there is no privity between them. *Anderson's Adm'r* v. *Irvine,* 5 B. Monroe, 490.

SMITH, C. J., delivered the opinion of the court.

This was a suit for a *devastavit,* in the name of the Judge of Probates, for the use of the plaintiff in error, Moses Cockrell, against W. H. Smith, upon his bond as administrator *de bonis non* of Wm. Cockrell, deceased, and James Younger, as his surety.

Moses Cockrell, the relator, claims as a creditor of the decedent's estate. He alleged in his complaint, that he held "by assignment and purchase, for a valuable consideration, a judgment for the sum of $10,945, rendered in the Circuit Court of Noxuba county, on the 23d day of April, 1841; that several executions were issued upon said judgment, from time to time, to be levied upon the goods and chattels of said deceased in said administrator's hands to be administered, which were by the sheriff returned *nulla bona.* That on the —— day of ————, 184–, an order or judgment was granted by said court, to sell said judgment for costs; and that by virtue of a writ issuing out of the circuit clerk's office, the sheriff-sold said judgment at public auction, to one Bird Toy, who being the highest bidder, took a deed for the same on the 13th day of October, 1845; and the said Toy afterwards, on the 1st day of November, 1852, for a valuable consideration, transferred and assigned said judgment and deed to said Moses Cockrell, &c."

The complaint alleged further, that the relators held "legally

by transfer and assignment, a judgment in favor of George W. Hinton, use of Jason Pool v. Caleb Joiner, R. D. Barker and James Cockrell, former administrators of the estate of Wm. Cockrell, for four hundred dollars, &c., which said judgment was rendered in said court on the —— day of ————, A. D. 1839, for $1,476 72, &c."

It is not material to notice any other averment of the complaint, as the right to recover in this action, assuming that there was a sufficient assignment of breaches, depends upon the question whether, being the assignee and holder of the judgment, in the manner alleged, the relator was entitled to sue upon the bond.

The defendants demurred specially to each count or breach contained in the complaint, which being sustained, and the relator declining to amend, the cause was dismissed and a writ of error prosecuted.

We will proceed to examine the propriety of the judgment sustaining the demurrer.

In relation to the judgment for $10,945, alleged to have been rendered in the Circuit Court of Noxuba, on the 23d April, 1841, there is no averment as to the parties by whom it was recovered or against whom it was rendered. There is no direct allegation by which it appears that the claim asserted was either a debt with which the intestate's estate was legally chargable, or for the payment of which the administrator was in any way responsible in his fiduciary character. In this respect the complaint was substantially defective; and consequently, for this cause alone, the demurrer should have been sustained.

As to the second judgment, alleged to have been recovered by Hinton for the use of Pool, against the administrators in chief on the estate of William Cockrell, deceased, the complaint contains no averment that the judgment was revived against the administrator *de bonis non*, or that an execution issued thereon was returned *nulla bona*.

Judgments are not assignable at common law, and the statute has made no alteration in the rule on this subject. The relator, therefore, was not invested with the legal title to the judgments in question. He held only an equitable interest in them, which a court of law would doubtless be bound to recognize and enforce, so

Ruff *v.* Smith et al.

far as it could be done consistent with their settled forms of procedure. The relator claims as a creditor of the decedent's estate, in virtue of his ownership of these judgments as assignee; and it is insisted that an action for a *devastavit* cannot be maintained by a party thus situated. We pretermit any expression of opinion on this question, and proceed to inquire whether the legal owner of a judgment recovered against an administrator in chief, can maintain an action for a *devastavit* against the administrator *de bonis non* and his surety, on the bond?

It is well settled that the rights and duties of an administrator *de bonis non* are confined to the administration of the assets of his intestate, left unadministered by his predecessor; and hence, that he can maintain no action against the prior administrator, for any balance in his hands, remaining after a settlement of his accounts. 5 S. & M. 130; 6 Ib. 223. There is no privity whatever existing between them; and for this reason it has been held, that a judgment against the administrator *de bonis non* cannot be made the *basis* of a suit against the administrator in chief. *Anderson's Adm'r* v. *Irvine,* 5 B. Monroe, R. 490. For the same reason, it seems clear, that a judgment against the administrator in chief cannot be made the foundation of a suit against the administrator *de bonis non* and his sureties. Such a judgment is unquestionably a charge against the intestate's estate, for which the administrator in chief might be made personally responsible on his bond, upon suggestion and proof of a *devastavit.* And it is clear that, although an execution on such judgment, issued after the revocation of the letters in chief, could not be *levied* on the assets in the hands of the administrator *de bonis non,* the administrator *de bonis non* could be made liable to the extent of the assets, by a revival of the judgment against him.

In the case before us, there is no allegation that the appropriate and necessary steps were resorted to, in order to fix the responsibility of the defendants. The right to recover is based exclusively on the averments, that the administrator *de bonis non* had received assets of his intestate's estate sufficient to satisfy the demand; that he had wasted them; and that the relator was the holder and

owner by assignment of a judgment recovered by his assignor against the administrators in chief.

It is clear, therefore, that the averments of the complaint in reference to this judgment do not show a legal cause of action; and hence the judgment sustaining the defendant's demurrer was correct.

Judgment affirmed.