Brooks J. Rives, Admr., *v.* Jno. W. Patty, Admr., *de bonis non.*

1. Administrator and Administrator de bonis non—their Relations to each other—Right of the Latter to call on the Former to Settle his Account in Probate Court.—By our law, the rights and responsibilities of a first administrator are

Assignment of errors.

co-extensive with the personal estate of his intestate, and the rights and responsibilities of an administrator *de bonis non* are co-extensive with the estate unadministered by the former. The two respective responsibilities, are, in mathematical phrase, complements of each other, and together make an entirety. There is no privity between them, and neither is responsible to the other. Hence an administrator *de bonis non*, has no right to call his predecessor to account for any money squandered or withheld, or property wasted or converted, or to sue him, except for property or choses in action remaining in specie in his hands, and capable of being clearly identified as the property of the intestate.

2. Same—Case in Judgment.—By our law the only remedy against an administrator or executor, or the representative of either, for waste or misapplication of effects of the deceased, is an action at law on his official bond. To maintain such action the plaintiff must be interested, either as creditor, legatee or distributee, and must prove his interest and the extent of it.

*Held*: That an administrator *de bonis non* has no such interest.

3. Administrator—Final Settlement of his Account—Notice to Parties Interested.—It is well settled as a general rule, that no person is bound by a judgment or decree of which he had no notice; and this rule is applicable to final settlements of accounts in the probate court.

Error to the probate court of Winston county. Hyde, J.

The plaintiff in error assigned the following errors:

1st. The heirs at law and distributees of Mrs. Davis, deceased, were proper and necessary parties in the proceedings in the probate court. They were never legally cited or notified, consequently the decree is erroneous.

2d. It was error to permit a stranger, the plaintiff in error, to appear, and to make up an issue in the probate court with the administrator of Davis, touching Davis' administration of the estate of George M. Simpkins, deceased, and to obtain a decree in his favor.

4th. An administrator *de bonis non* has no right in law to call the administrator of the former administrator to account, or to interfere with him in his accounting with the probate court; his authority extends only to suing for the property or choses in action, which remain unadministered.

4th. The decree being in favor of an administrator *de bonis non*, and the plaintiff in error, as administrator, being required to pay to defendant administrator *de bonis non*, who has no authority to receive it, said decree is therefore erroneous.

5th. There is no showing where, or when, or for what sum, the judgment brought forward by plaintiff in error received

or that it is still due and unpaid, whilst it does appear by the final account of the plaintiff in error, and the exhibits thereto, that the judgment was partly paid.

6th. It does not appear that there was an insufficiency of assets to pay said judgment. A creditor cannot call an administrator to account in the probate court without averring that his claim is legally authenticated against the estate, and that there is an insufficiency of assets, or that the estate is insolvent.

7th. It was error in the court below to make a decree before disposing of the motion to dismiss the exceptions filed to his final account; said account was only open to exceptions filed by distributees of the estate.

8th. The decree is shown by the proof, exhibits, and records, to be enormous and unjust.

*Miller, Muldrow and Wharton,* for plaintiff in error.

The decree purports to be a final decree, and yet none of the parties required by law to be brought before the court (the heirs at law of the decedent and distributees of his estate), were lawfully cited or notified, and yet a total stranger is permitted to litigate Davis' administration of Ewell Lamkin's estate, and to obtain a decree against Davis, administrator, in his favor, for the payment of money. Steen v. Steen, 25 Miss. R., 513; Shattuck v. Young, 2 S. & M., 30; Guin v. McCarrol, 1 S. & M., 351; also, 5 S. & M., 600; Prentiss v. Mellen, 1 S. & M., 521.

2d. The administrator *de bonis non* has no power to call the administrator of the former administrator, to account for the administration of his intestate.

Stubblefield et al. v. McRaven et al., 5 S. & M. 130, citing Kelsy's admr. v. Smith, admr., 1 How. 68; and Prosser v. Yerby's adm'x, 1 How., 87. It was decided at a very early period by this court, that an administrator *de bonis non*, can maintain a suit only for those articles which remain unadministered. 6 S. & M., 323; Williams on Exr., 595, and note. A creditor of the decedent cannot call the administrator of the dece-

dent to account in the probate court, without averring that his claim is legally authenticated against the estate, and that there is an insufficiency of assets, or that the estate is insolvent. A general creditor, where there is no apparent impediment to the recovery of his claim by suit at law, cannot coerce the administrator to account generally in the probate court. Freeman v. Rhodes, 3 S. & M., 329.

4th. As will be shown by the record, after the administrator *de bonis non* had filed his exceptions to the final account of the original administrator, the latter filed his motion to dismiss the exceptions on the grounds set forth in the motions filed by him, it being very manifest that in the absence of objections on the part of distributees or creditors, set forth and averring their rights, as administrator *de bonis non*, he had no right to interfere.

*R. G. Rives*, for defendant in error.

In the settlement of the final account of an administrator, where the estate has not been fully administered, and an administrator *de bonis non* has been appointed, the latter is the representative of the estate. The plaintiff in error, in his motion to dismiss the exceptions to his final account, shows that the defendant in error is a judgment creditor of the estate. He is certainly interested in the estate, and the record shows that no part of that estate had come into his hands, but that it had gone into the hands of the former administrator.

Art. 108, chap. 60, Rev. Code, provides that if the probate court shall discover a settlement is improperly delayed, it may proceed to have the settlement made, and it is certainly its duty to examine the settlement and see that it is correct.

If the court is satisfied that an administrator's account is not correct, it matters not at whose suggestion it may have come to that conclusion, it must act upon it and cause the account to be corrected. As to the final account, it was the duty of the court to examine it, and, if by any means whatever, the court became satisfied it was incorrect, it became its duty to have it re-stated.

2d. If I be mistaken in this, and such ruling was erroneous, it was such error as was immaterial; for it could not by possibility have affected the merits of the cause of plaintiff in error in the probate court. If it was the right of the probate court to cite the administrator to make his final settlement, that right could not have been affected by the filing of the petitions. If it was the right of the probate court to examine the final account of the administrator, and to have that account corrected, if found erroneous, that right could not have been affected by the filing of the objections of the defendant in error.

Did the court err in citing the plaintiff in error to his final settlement, and in making the corrections ordered in the account? There can be no doubt but the court acted correctly. The record shows that Thomas Davis, in his life-time, administered upon the estate of Ewell Lamkin; that he died before making a final settlement of said estate, and that the plaintiff in error herein had administered upon his estate. See art. 65, p. 439, Rev. Code. Whether or not the court erred in the corrections ordered, are questions of fact which were all before the court below, and that court, after a patient investigation of the testimony, made its ruling in this regard, and which, in the absence of proof to the contrary, must, by this court, be presumed to have been correct.

PEYTON, C. J.:

It appears from the record in this case that John W. Patty, as administrator *de bonis non* of the estate of Ewell Lamkin, who died intestate, filed his petition in the probate court of Winston county, setting forth that one Thomas Davis, who was the administrator of the estate of the said Ewell Lamkin, had departed this life intestate, without having made a final settlement of his administration of said estate, and that Brooks J. Rives became administrator of the estate of the said Thos. Davis, and praying that said Rives may be cited to appear at said probate court, and make a final settlement of his intestate's administration of the estate of said Ewell Lamkin, deceased.

That the said Rives filed the final account of his intestate as administrator of the estate of the said Ewell Lamkin, which was re-stated and settled at the August term, 1867, of said probate court, and the said Brooks J. Rives as administrator of the estate of the said Thomas Davis, was ordered by the court to pay over to the said Patty, as administrator *de bonis non* of the estate of said Lamkin, a balance found due said estate on settlement, of $2,705 35.

From this decree the said Brooks J. Rives brings the cause to this court, and in the view we take of this case, it will be necessary only to notice the following assignments of error: The want of notice to the parties interested in the said final settlement, and that the administrator *de bonis non* has no right to call the administrator of his deceased predecessor to an account for the administration of the estate of his intestate.

It was undoubtedly the duty of the administrator of Thos. Davis to settle the account of his intestate, in the administration of the first estate. Rev. Code, 439, art., 65. And upon the filing of the final account, the parties interested being in the state, should have been cited to appear at the time appointed, and that publication should have been made as to all parties interested, who were non-residents of the state, notifying them to appear and show cause, if any they can, why the final account should not be allowed and approved. Rev. Code, 451, art. 106.

There is no evidence in the record that the parties interested were notified in any way to appear at the time appointed for the settlement, and for that reason the decree of the court is void. For it is well settled as a general rule, that no person is bound by a judgment or decree, of which he had no notice.

The second of the above assignments of error involves the consideration of the powers and duties of an administrator *de bonis non*, and of his right to call the administrator of the previous deceased administrator of his intestate to account for any property of the intestate that such predecessor may

have converted or wasted, or for money or effects that the representative of such predecessor may have in his hands upon the final settlement of his intestate's administration of the first estate.

By the English law, where an executor or administrator may sue in his representative character, the right of action devolves upon the administration *de bonis non*, of the original deceased; for he succeeds to all the legal rights which belonged to the first executor or administrator in his representative capacity. Cartherwood v. Chaband, 1 Barn. & Cres., 150, and s. c. in 2 Dowl. & Ry., 271. And this principle is recognized and incorporated into our law. Rev. Code, 457, art. 135.

According to that law, an administrator *de bonis non* cannot call the representatives, of the previous deceased administrator of the intestate to account for any property of the intestate, that such predecessor may have converted or wasted; nor can he claim or recover anything, but those goods, chattels and credits of his intestate, which remain in specie, and those choses in action taken or held by his predecessor in his official capacity, and which are capable of being clearly and distinctly designated and distinguished as the property of his intestate.

By our law, the only remedy against an administrator or executor, or his representative for any waste or misapplication of the effects of the deceased, is by action at law on his official bond, by any one interested, either as creditor, legatee or distributee. And the administrator *de bonis non* has authority only to administer the unadministered personal estate of the deceased, which remain undisposed of by the previous administrator. He is appointed to finish the business already commenced. And as a general rule, between him and his predecessor there is no privity. His letters give him power to act and represent the deceased so far (and so far only), as there remained unadministered goods, chattels and credits, which belonged to the estate of the decedent. Coleman v. McMerdo, 5 Randolph, 94.

The rights of the first administrator and of the administrator *de bonis non* are co-extensive with the estate, personal as to the deceased administrator to the extent administered by him, and personal as to the new administrator as to the extent unadministered by the former. The two responsibilities of the administrator and administrator *de bonis non*, are, in mathematical phrase, complements of each other, making together an entirety.

By the just and equal operation of these general rules, these two officers, representing the intestate's estate successively, are protected from conflicting and contradictory claims. Each stands alone, in relation to the creditors and distributees, of responsibility, to an extent well defined and easily ascertained, but neither is responsible to the other. For any such responsibility would mar the symmetry of the system, and introduce disorder and injustice.

The extent of the liability of an administrator *de bonis non* is defined by the condition of his bond, and is limited and restricted to the estate not administered. No part of the condition creates or recognizes any privity between him and his predecessor, nor makes him responsible for any *devastavit*, or default of another, either of omission or commission. Alsopp v. Mathers, 8 Conn., 564; Thomas v. Hardwick, 1 Kelly, 78; Young v. Kimball, 8 Blackford, 167, and Hagthorp v. Hooker's admrs., 1 Gill. & Johns., 271.

The adjudications of the court of the last resort in this state fully sustain the doctrine above indicated, that an administrator *de bonis non* has no right to call his predecessor to account or sue him, except for property remaining in specie, unadministered or choses in action taken or held by him in his official capacity.

The law requires every executor or administrator to give bond and security for the faithful performance of his duty. The bond is intended as an indemnity to those interested in the estate, either as legatees, distributees or creditors, and for no others. Every person thus interested may put the bond in suit, and his recovery is commensurate with the

injury received. He cannot recover without showing his interest and the extent of it. The administrator *de bonis non* can have no such interest. His duty extends only to the effects left unadministered, and his interest is in them alone. Kelsey v. Smith, 1 How., 68; and Prosser v. Yerby's admx., ib., 92. These decisions establish the principle, that if the first administrator had made a settlement of his account, and shown an indebtedness on his part to the estate, the creditors or distributees might sue for this balance, but the administrator *de bonis non* could not. Byrd v. Holloway, 6 S. & M., 325; and Ruff v. Smith, 31 Miss., 62.

For the reasons set forth in this opinion, the decree of the court below is erroneous, and must be reversed, and the cause remanded.