No. 62.—MERCHANTS BANK OF MACON, plaintiff in error, *vs.* CAROLINE M. RAWLS, administratrix, and CHARLES E. TAYLOR, administrator, of JOHN RAWLS, deceased, defendants in error.

[1.] Administrators may appeal without giving bond, and circumstances, such as stating the case, and leaving a blank as usual to be filled up with a bond by the clerk, the transfer of the case to the appeal docket by the clerk, and there being no complaint that costs have not been paid, tending to show the manifest intention to appeal, are a sufficient appeal.

[2.] Although an account may have been pleaded as a set-off in another suit between the same parties, if it be pleaded a second time, the defendant may prove it; but as we have no special pleading, the plaintiff may reply, by proof, that it was pleaded and passed upon by the jury in said former case, and such evidence will be a good bar, unless the defendant, rejoining by proof, relieve it from the operation of the bar.

[3.] An attorney at law is not competent to testify in a case in which he is employed, if he come within the provisions of the act prohibiting attorneys from testifying in cases in which they are employed, without respect to the time at which he acquired a knowledge of the facts, by reason of his having been so employed.

[4.] Bank agent to collect money bound to respond instanter.

[5.] Such agent collecting money in distinct cases against the same individual, although he gives a single receipt for moneys collected, he is liable to an action by the Bank in each case. The consolidation of the whole amount in his receipt to the debtor, does not constitute a contract with the Bank. The *manner* of his receipting does not change the nature of his liability.

Assumpsit, in Bibb Superior Court. Tried before Judge POWERS, May Term, 1856.

This was an action by the Merchants Bank of Macon, against the administrators of John Rawls, dec'd., founded on the following receipt.

The Bank of Hawkinsville, ⎫
              *vs.*                  ⎬ In Wilkinson Superior Court,
William F. Bond.           ⎭              1841.

Principal sum $2,000; due 25th December, 1841.

Interest and cost to be added till paid.    Protest $3.

Bank of Hawkinsville,⎫
⎪
        vs.        ⎬ In Wilkinson Superior Court, 1841,
⎪
William F. Bond.   ⎭

$2,000, due 25th December 1841.   Interest and cost to be added till paid.

Received, Hawkinsville, March 4th, 1842, of Joseph Bond, the principal, interest and cost of the above two stated cases, to whom we give due and legal control of the two *fi. fas.* without recourse on the Bank.

                              JOHN  RAWLS, President.

| | | |
|---|---:|---:|
| Plaintiff claimed the sum of | $2,126 | 60 |
| And interest thereon to March 1852, | 1,921 | 53 |
| | $4,048 | 13 |

The defendants pleaded:

1st. The general issue.

2d. The statute of limitations.

3d. Payment.

4th. Sett-off.

5th. Former recovery.

This case being on the appeal, the plaintiff moved to dis-·niss it on the ground that the security had not been entered, ıs required by law.   The Court overruled the motion and plaintiff excepted.

Plaintiff then read in evidence the foregoing receipt; proved a demand on Taylor, the administrator, for the amount above claimed, in April 1854 ; that a former suit for the same cause of action had been dismissed within six months from the bringing this action ; that the Bank of Hawkinsville was changed to the Merchants Bank of Macon, and its assets became the property of the latter, and that Rawls died 27th January, 1844.

Defendants offered in evidence the execution against

Merchants Bank of Macon vs. Rawls.

Wm. F. Bond, being one of the *fi. fas.* alluded to in Rawls' receipt; they then introduced the record of a case in the same Court between the same parties, brought to November Term, 1845, by the present plaintiff *vs.* the present defendants for the proceeds of that *fi. fa.,* in which case at July Term, 1850, there was a verdict for plaintiff for the principal and interest of the debt sued for.

A great deal of testimony was introduced on both sides, but the points and questions adjudicated will be fully understood from the charge of the presiding Judge, the exceptions thereto, and the decision of this Court.

Plaintiff's counsel requested the Court to charge:

1st. That the receipt of the money on the *fi. fas.* though received at the same time, did not create the obligation *eo instanti,* to pay it over, because Rawls was a continuing agent, and liable only after demand and refusal.

2d. That though the amounts of the two *fi. fas.* were received at one time, still as they were distinct when they went into Rawls' hands, and were kept distinct in the receipt, they did not constitute an indivisible demand, and that Rawls remained liable in separate suits for the proceeds of each *fi. fa.*

That Rawls was only liable after demand, and there having been no demand of this debt when the former suit was brought, therefore plaintiff had not split his demands.

That in law it is a maxim, that the reason ceasing the rule ceases, and the reason of the rule making it unlawful to split a demand, is that a man shall not be twice vexed for one and the same cause of action.

That in this case, the failure to sue for the proceeds of both *fi. fas.* at once, was a mere irregularity, which it was competent for defendants to waive, and that they had waived it by allowing the two suits to depend, side by side, in the same Court, at the same time, as shown by the record, prior to the verdict in 1850; that defendants should have moved to

consolidate or taken other recourse then, and not having done so, was a waiver of the plea now set up on this point.

The Court refused to charge as above requested, but in substance charged the jury:

1st. That Rawls, under the evidence, was bound to pay over, within a reasonable time after he collected the money.

2d. If Rawls was the agent of the Bank, and sold the two *fi. fas.* to Joseph Bond, and received the money for both at the same time, and a suit has been brought and a recovery had on one of the *fi. fas.*, it is a bar to this suit; especially if they believe the same receipt was received in evidence on the former trial.

3d. That if there was any force in the idea that plaintiff, when the first suit was brought, was ignorant of his right to bring this one, still if the evidence showing this cause of action to exist, was discovered before final judgment in the first case, plaintiff ought to have moved to consolidate.

4th. As to the present cause arising only on the demand of the cashier in 1854, or at least by the suit in 1847; he charged, that the bringing the first suit for the proceeds of one of the two *fi. fas.*, *was a demand of the whole.*

To which charge and refusal to charge plaintiff excepted.

The jury found for the defendants.

And plaintiff tenders his bill of exceptions, &c.

Rutherford and Cole, for plaintiff in error.

Gresham and Bailey, for defendants in error.

*By the Court.*—McDonald, J. delivering the opinion.

[1.] The defendant, when the cause was called for trial before a petit jury, confessed judgment to the plaintiff, reserving the right of appeal. During the same term the case was stated on the minutes of the Court, and a blank left for some purpose and the names and seals of defendants' counsel

were signed and affixed below. The case was put by the clerk on the appeal docket, and when it was called for trial, the plaintiff's counsel moved to strike the case from the docket, on the ground that no security had been given, and that nothing was done which indicated the intention of the defendant to appeal. The defendants are administrator and administratrix of John Rawls' estate, and were so sued. They had a right to appeal, without giving security, upon payment of costs. Taking all the facts together appearing in this record: that the judgment was confessed reserving the right to appeal; the statement of the case on the minutes of the Court, in the usual manner of entering appeals during the term of the Court, leaving a blank evidently to be filled up, and the names of the defendants' counsel signed below, with seals affixed, and the entry of the case on the appeal docket; it is manifest to us, that the parties intended to enter an appeal; and that all was done to entitle them to it; and we are led to infer from the fact, that no complaint is made of the non-payment of the costs, that the costs were paid. The Court committed no error in sustaining the appeal.

[2.] The plaintiff's objected to the three last items in the set-off pleaded by the defendant, on the ground that they were embraced in a plea filed in another case, tried in July, 1850. We have no special pleading here. If we had, the plaintiff ought to have replied to this plea, a former recovery. To this replication, the defendant would have rejoined, in the nature of a new assignment by a plaintiff, and shown facts, if they existed, to prevent the bar, as that evidence was not submitted to the jury, on the trial in the other case, to prove the set-off, &c. &c. "A recovery in a former action, apparently for the same cause, is only *prima facie* evidence, that the subsequent demand has been tried, but not conclusive." *Snider et. al. vs. Cray. 2. John. Rep.* 229. Under our system of pleading, the objection to the evidence by the plaintiff stands in place of the replication, or rather the proof which he subsequently submitted, to show that evidence on

the trial of the other case had been submitted to the jury and passed upon by them. If the defendant had any thing to offer, by way of rejoinder, to prove that the verdict of the jury, rendered in that case, could not legally operate as a bar to his defence in this, he might have done so. The defendants' evidence was properly admitted.

[3.] John Rutherford, the attorney in the case, was tendered as a witness, and objected to on the ground that he was inadmissible as a witness under the act to regulate the testimony of attorneys at law. The Court sustained the objection. The act is very peremptory in its terms, and we see no constitutional objection to its applying to this case.

[4.] We think the Court did right in refusing to give in charge to the jury, the first request of plaintiff's attorney. So far as the record speaks, the nature of Mr. Rawls' agency required him to pay over the mony as he collected it.

[5.] The second instruction to the jury, asked of the Court by plaintiff's counsel, ought to have been given. It is insisted that the receipt given by defendants' intestate, including the money received on two executions against William F. Bond, by the defendants' intestate, was an indivisible demand. Mr. Rawls was the agent of the Bank, and when he collected money he was bound to pay it over without waiting a demand. He sold two executions, whether with or without authority *to sell* is not shown in the record, and the amount of money received on both executions, and the transfer of both, are in one instrument of writing. By this transaction there were two contracts; an express contract with Bond, transferring the executions to him for the consideration expressed in the writing; and an implied contract to pay over the money collected, to the plaintiff. His contract with the Bank was independent of the receipt, for the receipt constituted no contract with the Bank. His contract with the Bank was entirely different; and, in the absence of express stipulations, amounted to an undertaking to collect with due diligence the debts of the Bank and to pay over the mo-

ney collected on each paper, or evidence of debt, as he received it. He became responsible to the Bank for the money collected irrespective of the form of the receipt given. The Bank did not have the custody of the receipt. It passed to Bond, the assignee, and the Bank could not know the form of the receipt given, nor in what manner the money received had been collected, nor from whom. The Bank had sued William F. Bond in two cases, returnable to the same term of the Court, on distinct demands, recovered judgments at the succeeding term, had executions issued on both, and on these executions the defendants' intestate collected the money and transferred the execution to Joseph Bond. He made no report to the Bank, nor did he pay over the money. It was years before the Bank or its officers discovered that the money had been collected, and then, it was not discovered that the money had been paid to him on both. Suit was instituted against his administrators for the recovery of the money then ascertained to have been collected, returnable to the November term, 1845, of the Superior Court of Bibb county. Subsequently, and after the institution of the suit, it was discovered that the money had been collected on both executions, and defendants were sued for that collected on the one not sued for before. In an agency like that which the intestate undertook, the collection of money on each case is a cause of action, on which an action for money had and received will lie, at the instance of the principal, and the mode of the agent's receipting for the money to the persons from whom he collected it, cannot relieve him from his liability. If the plaintiff were to sue him in several suits on distinct causes of action for money collected from different persons, or from the same person on different contracts or debts, the defendant might compel him to consolidate, at the discretion of the Court, and to pay the costs on all the suits but one. 1. *Chitty's Pleading* 228 ; *Cunoch vs. Gundry*, 1st *Chitty's Rep.* 709, *note.*

In the above reported case, there was no consolidation,

but, at the suggestion of the Court, the parties consented that all the notes sued on in ninety-eight counts, should be given in evidence under the count on an account stated.   There is no case where a plaintiff has sued on two different causes of· action, in two distinct suits, which might have been joined, and which the Court would have ordered to be consolidated if a rule had been moved, that he has been held to be barred in the one, after a recovery in the other.   It is, at most, a matter of discretion with the Court to consolidate.   It will always do it to prevent injustice and oppression.   But the question here, is not one of consolidation, but whether the subject matter of the two suits constituted but one cause of action in favor of the plaintiff.   We are of opinion that the plaintiff had a right to sue the defendants as soon as it was discovered that their intestate had collected the money on one execution.   If it had been known that both had been collected, suit might have been brought on each, but the Court in the exercise of its power would have compelled the plaintiff to consolidate.   We cannot recognize the principle, that an agent may collect the money of his principal, and by a consolidation in one receipt to the debtor, of the amount collected on several distinct debts, deprive him of his property, if he abuses his legal right of suing in several actions, when he might have recovered all in one suit.

The case of *Smith vs. Jones,* 15 *Johns. Rep.* 229, is the case of a suit on an indivisible contract.   There was but one contract.   The plaintiff sold the defendant three barrels of potash.   Instead of suing for the three, he sued for one only in one action, and brought suit for the other two in a different action,   The Court held that the contract being one and entire, did not admit of division.   The principle of this case may, I think, be traced back to an ancient English statute.   But that does not matter.   It has no application to the case before us.

Every general agent acts, we may say, under a special contract of agency to attend with diligence and fidelity to

every matter coming within his agency.    Here is a contract which will cover his entire undertaking.    But, so to speak, there are sub-liabilities, and if such an agent collects money that he does not account for, he may be sued after a reasonable time, without an express promise to pay ; for the law implies a promise to pay as soon as he receives the money ; under one contract of agency there may be any number of suits against him for moneys collected by him, and at the close of all, he may be called to a general account; and in that case, that there have been other suits will not avail him, except so far as there have been recoveries against him.    If the defendants' intestate had been called to account in Chancery for his entire agency for this Bank, he certainly could not have defended himself by proof that, although he had collected the entire principal and interest on the executions, he had been sued in a Court of law for the amount collected on one which had been recovered and paid.    There was error in the refusal of the Court to give this request in charge.

Judgment reversed.