SAMUEL A. HOWE, APPELLANT, *v.* T. H. TAYLOR ET AL., RESPONDENTS.

OFFICIAL UNDERTAKING—JURISDICTION OF A COURT OF EQUITY TO ENFORCE WHERE UNDERTAKING IS LOST.—The official undertaking of a county clerk was lost and the official copy destroyed, so that a certified copy thereof could not be obtained: *Held,* that a person damaged by the official delinquency of the officer, could maintain a suit in equity against the sureties in the undertaking in order to establish the same and to obtain leave to sue upon it.

IDEM.—Courts of equity have jurisdiction to establish lost instruments of writing, and this jurisdiction is not taken away by the provisions of the statute allowing secondary evidence of their contents.

IDEM.—In such suit a court of equity having obtained jurisdiction for one purpose, will retain it for all purposes necessary to complete relief, and will, should the undertaking be established, decree the payment by the sureties of such sum as they shall be found to have become liable to pay on account of the official delinquency of their principal.

APPEAL from Columbia County.

This is a suit in equity by the appellant against the respondent and others, who are the sureties upon the official undertaking of one C. H. Williams, late county clerk of Columbia county, for relief on account of the official delinquency of Williams as such clerk.

The appellant, on the fifth of April, 1872, loaned one Gillihan two thousand dollars, and took as security a mortgage upon certain real estate in Columbia county. The real estate was unincumbered and of sufficient value to make the security ample. The appellant, on the second of May, 1872, delivered the mortgage to Williams, then county clerk, for record in the record of mortgages, and paid him the fees for recording it. Williams recorded it in the book of deeds instead of that of mortgages, and in so recording it omitted what is alleged to be a material part of the certificate of acknowledgment, so that the mortgage, as thus recorded, does not appear to be a paper entitled to record.

The complaint alleges that on the twenty-third of August, 1872, Gillihan and wife, for a valuable consideration, conveyed the mortgaged premises by deed to one Semple, by whom they were, on the sixteenth of the following April,

for a full and valuable consideration conveyed to one Patterson. Both Semple and Patterson were purchasers in good faith, without notice of appellant's mortgage. Their deeds were duly recorded.

In February, 1873, Gillihan was adjudged a bankrupt, since which time he has been insolvent.

It is further alleged that on or about the first day of September, 1874, the county clerk's office of said county was fraudulently entered and the original undertaking stolen, and that the book of records containing the recorded copy of the undertaking was mutilated by removing said copy therefrom by some person unknown to the plaintiff; that neither the original undertaking nor any copy thereof remains in said office; that on account of the loss of the original undertaking, and the destruction of the record thereof, he is unable to procure a certified copy thereof, in order to apply to or obtain leave of the court to commence his action thereon, and that he is without remedy at law. The complaint concludes with a prayer that the court will decree that plaintiff have and recover against defendants a decree for the sum of two thousand nine hundred and ninety-two dollars in gold coin, together with his costs and disbursements, and for general relief.

To this complaint defendants demurred for the following reasons: 1. Because said complaint, as amended, does not state facts sufficient to constitute a cause of suit; 2. Because this suit was commenced within three years after the alleged cause of suit accrued, the time limited by the code for bringing suits of this nature; 3. The court has no jurisdiction of the persons of the defendants; 4. The court has no jurisdiction of the subject of the action. The court below sustained the demurrer and dismissed the complaint, and judgment was accordingly entered in favor of defendants for their costs and disbursements, whereupon plaintiff appealed.

*William Strong*, for appellant:

Our statutes (Civ. Code, sec. 376) provides "that the enforcement or protection of a private right, or the preven-

tion of or redress for an injury thereto, shall be obtained by a suit in equity in all cases where there is not a plain, adequate and complete remedy at law, and may be obtained thereby in all cases where courts of equity have been used to exercise concurrent jurisdiction with courts of law, unless otherwise specially provided in this chapter." The case made by the complaint comes within both of the two classes provided for in the section quoted above. The facts here present a case where, owing to the loss of the undertaking —which occupies the place of and is subject to the same rule as a bond—there is not a plain, adequate and complete remedy at law, and it also presents a case where courts of equity have been used to exercise concurrent jurisdiction with courts of law. (Story Eq. Jur., secs. 29, 75 to 81; Smith's Man. of Eq., p. 6, sec. 2; 5 Cranch, 322.)

The code, section 378, provides "that a suit shall only be commenced within the time limited to commence an action." The statute, section 337 of code, provides "that an official undertaking or other security of a county officer shall be security to all persons, severally, for the official delinquencies against which it is intended to provide."

It is the undertaking signed by the surety that makes him liable to a party for damages caused by official delinquency; and it is an express liability and is subject to limitation only, by the provisions of subdiv. 1, of section 6, of the code. It is a liability created by the contract of the party. The statute provides the form in which the contract may be made, but, as the agreement of the party is required to give it force, it does not seem possible to consider it a liability created by statute. The statute does not make the liability; the act of the party alone does that. This undertaking takes the place of the old common-law official bond; and no one has ever pretended that the liability of the sureties upon such a bond was a liability created by statute. But if we concede that it is a liability created by a statute, it is not for a penalty or forfeiture.

The word penalty, in the statute, is not used to express the consequence of the failure to perform the condition of a civil contract for which damages up to a certain amount

may be awarded, but it is used, rather, in the sense of a
punishment inflicted by law for its violation, and as synony-
mous with fine; a sum certain, which is imposed upon a
party for doing something which the law forbids, for failing
to do something which the law enjoins, and which usually
goes to the state, but may sometimes be given to the in-
former, in whole or in part, not because he has suffered by
the wrong act, but as a reward for his aid in the punish-
ment of the offender. That which is recovered in an action
upon an undertaking of this character is for the benefit of
the plaintiff and is determined by the amount of damage
he has sustained through the delinquency of the officer.
This undertaking, in this respect, does not differ from any
other civil contract where the performance of an agreement
is secured by a greater nominal penalty, and where what-
ever is recovered goes to the party injured as compensation
for damages actually sustained, and is never taken from the
party as a punishment.

The word "forfeiture" is evidently used also in a re-
stricted sense, as a punishment for some illegal act. An
unlawful distiller forfeits his implements and the spirits he
has manufactured. The smuggler forfeits his goods and
ships. The man who wrongfully exercises a public func-
tion, may incur a penalty for each wrongful act. The ferry-
man, who carries on business without a license or charges
unlawful fees if licensed, may be fined or compelled to pay
penalties; but these fines or penalties are a punishment for
violated laws, and not compensation to the party injured,
and are not at all analogous to the case now on trial. (Bou-
vier's Dic. cites "Penalty," "Forfeiture." Civil Code,
sec. 342; Crim. Code, Stat. 384, sec. 333.)

All through our statutes, wherever "fines or forfeitures,"
or "penalties and forfeitures," are spoken of, it is in refer-
ence to criminal matters. It seems to me, therefore, that
this case comes under the provisions of section 6, sub-
division 1, and that it cannot, by anything but a very
strained construction, be considered as embraced in the
provisions of subdivision 2, of section 7, and that the
limitation is six years. Such is the holding in the state

of New York, from which this statute came.    (1 Comst. 47;
35 N. Y. 112.)

If there were any doubt as to the proper construction,
courts, in a case of this kind, should incline to the longest
period.    At common law there was no limitation to an action
upon a contract.    (Ang. on Lim., sec. 6.)    Where a statute
contravenes the common law, or is a departure from it, and
is of doubtful construction, courts should incline to that
which adheres most nearly to the common-law principle.
(10 John. 579.)    The "statute of limitations being in re-
straint of right, should be construed strictly;" *i. e.* so as to
continue and preserve the right, rather than abridge or
destroy it.    (14 Johns. 480.)

*Catlin & Killen, and T. A. McBride,* for respondents:

There is no privity between the plaintiff and the defend-
ants.    (Code, 692, secs. 12, 13.)    And the plaintiff has no
rights, and can have no remedy against the defendants, ex-
cept such as are given to him by sections 338, 339 of the civil
code.    The rights and remedy given by these sections are
to maintain an action, not a suit, against the officer and his
sureties, after first obtaining leave of the judge or court.
The plaintiff wholly disregards and fails to pursue the rem-
edy given by said sections, in the following respects: 1. In
not making the principal in the undertaking, the county
clerk, a party defendant in this litigation; 2. In not ob-
taining leave of the court or judge to bring an action; 3.
In not bringing an action instead of a suit in equity.

The plaintiff has no remedy at common law; his only
remedy is under the same statute which creates and gives
him. the right of action, and it is a rule of law that the
same statute which gives or creates the right or power,
gives the remedy, and provides the manner and means of
enforcing it.    It can be enforced in no other way.    (*Reed*
v. *Omnibus R. R. Co.,* 33 Cal. 212; *A. & W. T. Corp.* v.
*Gould,* 6 Mass. 44; 3 Comstock, 9.)

If the plaintiff had a common-law right of action against
defendants, then the facts alleged are not sufficient to give
a court of equity jurisdiction.    The only ground alleged is

because the instrument is lost, but the instrument upon which suit is brought is neither negotiable nor under seal; nor is profert thereof necessary. The remedy sought is not peculiar to a court of equity—the decree prayed for is money only.

Two things must concur to give the court of equity jurisdiction: 1. When a court of law cannot grant the relief prayed for; 2. When the party has a conscientious title for relief; and if both grounds do not concur, the court of equity is bound to dismiss the case. (Story's Eq. Jur., sec. 79; Adams Eq. 166.)

The bill or complaint must lay some ground other than mere loss of paper. (1 Story's Eq. Jur., sec. 84; 3 Edwards' Ch. 618.)

The suit is for a forfeiture or penalty, and a court of equity does not assist the recovery of a forfeiture or penalty, or anything in the nature of one. (4 John. Chan. 433.) It is "an action or suit upon a statute for penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state." (Stat. 107, sec. 7; *Merchants' Bank of N. H.* v. *Bliss*, 13 Abb. Pr. 226; 21 How. Pr. 365; 35 N. Y. 412.)

By the Court, WATSON, J.:

We will consider the first and fourth causes of demurrer together, because no other reason is presented by counsel for the respondents, to sustain the objection to the complaint that the court has no jurisdiction of the subject of the suit, than those relied upon to show that the complaint does not state facts sufficient to constitute a cause of suit. It was not claimed in the argument that if the complaint states sufficient grounds to entitle the appellant to equitable relief, the circuit court did not have the jurisdiction to grant it. Being a court of general jurisdiction, and being invested by section 9 of article 7 of the constitution with all jurisdiction vested by law in some other court, in the absence of any contrary showing, its jurisdiction will be presumed.

Do the facts alleged in the complaint constitute a ground

for equitable relief? Counsel for appellant claim that they do, because the right of the appellant to have the official undertaking of the county clerk of Columbia county, C. H. Williams, stand for a security to him for his loss, caused by the official delinquency of that office, a right which was perfect before the loss of the undertaking and the abstraction of the recorded copy thereof from the records of Columbia county, has been rendered nugatory by the wrongful acts of others and without his fault.

On the other side, counsel for respondents contend that the right to maintain an action on the official undertaking of an officer is purely statutory. That the statute which gives the right gives the only remedy. That the fact of the loss of the undertaking, while it renders it impossible for plaintiff to obtain leave of the court to bring his action at law, does not give him the right to proceed in any other manner than that prescribed by the statute. Upon this theory they claim that the appellant is in the position of a person having a legal right which he can enforce neither at law nor in equity. If this view of the law were correct, the case is a hard one. If the facts alleged in the complaint are true, plaintiff, acting with ordinary prudence, relying upon the presumption that the clerk would or had correctly performed his official duty, has, through the delinquency of that officer, lost a large amount of money, and when he seeks redress upon the undertaking which the law required the officer to give as a security against such delinquencies, finds that while he has the right to the benefit of that security, he cannot enforce that right because some one has stolen the undertaking and destroyed the official copy.

It is necessary for us first to ascertain whether the appellant has any plain, speedy or adequate remedy at law. If he has any such remedy at law, the demurrer was properly sustained. No equitable interposition was necessary.

Section 339 of the civil code provides that: "Before an action can be commenced by a plaintiff other than the state or the municipal or public corporation named in the undertaking or other security, leave shall be obtained of the court, or judge thereof, where the action is triable.

Such leave shall be granted upon the production of a certified copy of the undertaking or other security, and an affidavit of the plaintiff or some one on his behalf, showing the delinquency."

It may well be doubted whether any other evidence could be admitted to supply the place of the "certified copy of the undertaking" required by the section just quoted. The proceeding to obtain leave is *ex parte,* and the statute expressly states upon what evidence the court shall act.

But while we do not now express an unqualified opinion upon the question whether or not the court to which an application is made for leave to commence an action upon an official undertaking may, in case of the loss of the undertaking, receive secondary evidence of its contents, we think the right sufficiently doubtful that it cannot well be said that it furnishes a plain, speedy or adequate relief within the meaning of section 376 of the civil code. Lost instruments under seal furnished a common ground for interposition of equity at the time when it was held at common law that there could be no remedy at common law upon a lost bond, because there could be no profert of the instruments, without which the declaration would be fatally defective. (1 Story's Eq. Jur. 81.)

We think that the case at bar, in which no action can be commenced, because a certified copy of the undertaking cannot be had, presents a case for equitable interposition differing but little from the case where an action at law could not be maintained upon a bond, because the courts held that it was essential that the complaint should make profert, and the bond being lost profert could not be made. Yet that was an ancient ground of equitable relief, which having once conferred jurisdiction, the courts of equity still retain it.

In the case of *Cornell* v. *Keiser,* tried by this court at the December term, 1873, and not reported, this court sustained jurisdiction of a court of equity to establish a lost deed, although it was conceded that under our statute upon proof of its loss secondary evidence might be received of its contents. The decision was placed upon the ground

that courts of equity having once acquired jurisdiction to establish lost instruments, were presumed still to retain it, although the rules of common law had been so modified as to give courts of law concurrent jurisdiction, and that the rule allowing secondary evidence of the contents to be received at law might not furnish a plain, speedy and adequate remedy.

We are unable to see any reason why the jurisdiction of courts of equity to establish lost instruments, should not in a proper case extend to a lost official undertaking. It is not sought to reform the undertaking, nor in any way to supply any defects in its execution, but taking it just as the parties made it, we are called upon to relieve plaintiff from the consequences of its loss, by as far as possible establishing it just as it was made, as evidence of the contract and obligations of the parties to it. Some objection is made to the prayer for relief in the complaint. Perhaps it would have been better to pray in the first instance that the decree of the court should establish the lost undertaking, in order that it might be used for the purpose of obtaining leave of the court to sue upon it, and should enforce the undertaking as established.

The prayer of the complaint is only that plaintiff may have a decree against the defendants for the payment of the money which the complaint shows they are liable to pay to him on their undertaking and for general relief. We think that under the familiar principles of equity jurisprudence, that a court of equity which once acquires jurisdiction for one purpose will retain it for all purposes necessary to afford complete relief, the court could in the first instance decree the establishment of the official undertaking alleged in the complaint to be lost, in order that leave could be obtained to sue on it, and that having acquired jurisdiction for that purpose it could proceed to enforce the instrument so established, by decreeing that defendants should pay to plaintiff such sum as it should be found that they were liable to pay upon it. It is true that the complaint merely prays for this final relief, but it seems to us that under such a prayer it is competent for the court

to grant any relief necessary to be decreed before decree-
ing the final relief prayed for.

The third ground of demurrer is that the court had no
jurisdiction of the persons of defendants. We can see no
reason whatever for this objection. The defendants ap-
peared in the suit by their attorneys. That was all that
was necessary to give the court jurisdiction of their persons.
We consider the second ground of demurrer last. It is
that the suit was not commenced within three years after
the cause of suit occurred. In support of this objection
to the complaint it is claimed by counsel for respondents
that this suit is governed by the limitation prescribed in
subdivision 2 of section 7 of the civil code, which provides
that "an action upon a statute for a penalty or forfeiture,
where the action is given to the party aggrieved, or to such
party and the state, except where the statute imposing it
prescribes a different limitation," shall be commenced with-
in three years.

If an action upon the undertaking would be barred by
this provision, then this suit is barred, because section 378
of the code provides that "a suit shall only be commenced
within the time limited to commence an action, as provided
in title 2 of chapter 1 of this code." If this then is a suit
to recover a penalty or forfeiture, it is barred by the stat-
ute of limitations, and the demurrer was properly sustained.

We do not think it is such a suit. Section 337 of the code
provides that "the official undertaking or other security of
a public officer to the state or to any county, city, town or
other municipal or public corporation of like character
therein shall be deemed a security to the state or to such
county, city, town or other municipal or public corporation,
as the case may be, and also to all persons severally for the
official delinquencies against which it is intended to pro-
vide." Section 338 provides "that when a public officer
by official misconduct or neglect of duty shall forfeit his
official undertaking or other security, or render his securi-
ties therein liable upon such undertaking or other security,
any person injured by such misconduct or neglect, who is
by law entitled to the benefit of the security, may maintain

an action at law thereon in his own name, against the officer and his sureties to recover the amount to which he may by reason thereof be entitled."

It is under these sections that the rights of plaintiff to the benefit of the official undertaking described in the complaint is derived. It is deemed a security to him against the official delinquencies of the officer; that officer by his neglect of duty has rendered his securities liable to plaintiff. He or they have forfeited nothing. No forfeiture is given to plaintiff. He can recover what he has lost; no more. This suit is very different from the actions provided for by sections 342, 343 and 344 of the code, and which we take to be the actions limited by subdivision 2 of section 7 of the code, and by section 10 of the code.

The only distinction between the actions of the same general class made by subdivision 2 of section 7, and by section 10, is that when the action is given to the party aggrieved to recover a forfeiture under a statute or to the state, with such party three years is the limitation, and when it is given generally to an informer, one year is the limitation. All these actions for forfeitures are in the nature of *qui tam* actions at law, and are quite distinct from that class of actions in which the person injured by the official delinquency of an officer is allowed to resort to the official undertaking of that officer as a security for his loss.

It cannot be questioned that plaintiff could have brought his action against C. H. Williams, the county clerk, for the damage he has suffered by his negligence, without resorting to the official undertaking. In such action the measure of such damages would be just the same as if the action had been brought on the undertaking; and yet in that case it certainly will not be claimed that the action would be to recover a penalty or forfeiture, or that the limitation prescribed for such action would apply. Yet the only difference between such action against the officer personally and that upon his official undertaking, is that in the latter action plaintiff seeks to avail himself of the benefit of his official undertaking as a security for such damages as he may recover.

We are of the opinion that this suit is governed by the limitation prescribed by subdivision 2 of section 6 of the code, it being an action upon a liability created by statute, other than a penalty or forfeiture, and that six and not three years is the limitation. It follows that in sustaining the demurrer to the complaint the court below erred, and this cause must be reversed, and remanded to the court below for further proceedings.