## PROVIDENCE COUNTY.

COURT OF PROBATE of the Town of Scituate *vs.* MARTIN S. SMITH, Executor.

Portions of a decedent's estate appropriated rightly or wrongly by an administrator to his own use, and not kept by the administrator apart from his individual estate, are held in law to have been administered by the administrator.

The authority of an administrator *de bonis non* extends only to the estate not administered by the original administrator.

Hence an administrator *de bonis non* cannot, against the personal representative of the original administrator, maintain an action on the bond of such original administrator for parts of the decedent's estate appropriated by such original administrator to his own use.

Nor is such an action provided for by any statute in Rhode Island, Pub. Stat. R. I. cap. 184, § 27, not being applicable.

EXCEPTIONS to the Court of Common Pleas.

This action was debt on bond. After judgment for the defendant in the Court of Common Pleas the case was brought by the

plaintiff's exceptions into this court, where it was heard on an agreed statement of facts and a stipulation, which are given in the opinion.

*February* 9, 1889. DURFEE, C. J. This is an action of debt on a bond given by the late Harriet Winsor as administratrix on the estate of Mary Waterman, widow, deceased. The said Mary died, intestate, May 19, 1878, leaving as her next of kin two daughters, the said Harriet being one, and three grandchildren, children of a deceased son. Administration on her estate was granted by the Court of Probate of Scituate, September 13, 1879, to said Harriet, who qualified as administratrix by giving the bond in suit. She rendered her first and only account, rendering it as a final account, December 13, 1879, and the court after due notice allowed it, January 10, 1880. The account, as rendered and allowed, showed a residue of $1,756.50 after the payment of charges and expenses, which residue was credited in the account to said Harriet as the sole heir of William Dallas Winsor and Harriet Arvillah Winsor, her deceased children, she claiming that the estate was accountable to them, or their estate, therefor under the will of one Coomer Waterman. Said Harriet died March 19, 1880, leaving a will by which the defendant was appointed executor. He proved the will and qualified as executor. In 1887 Daniel H. Remington was appointed administrator *de bonis non* on the estate of Mary Waterman. This action is brought for his benefit as such. The condition of the bond, as alleged in the declaration, is that said Harriet shall administer the goods, chattels, rights, and credits of the intestate at the time of her death, which shall come to her hands, or to the hands and possession of any person or persons for her, according to law. The breaches alleged are, " that the said Harriet Winsor in her lifetime did not administer the estate of said Mary Waterman according to law, and that since her decease said defendant has refused to pay over to her successor the goods and chattels, rights and credits, of the said Mary Waterman deceased." The defendant pleads *plene administravit*. The parties, on the facts as stated, submit the question, whether the action is maintainable. If it is, the case is to be retained on certain questions which are reserved; but if not, judgment is to be entered for the defendant.

It appears from the facts agreed upon, if we understand them aright, that Harriet Winsor, as administratrix on the Mary Waterman estate, after paying charges and expenses, appropriated the residue to her own use, claiming to be entitled to it, and, crediting herself with the amount in her account, had her account allowed, so that there was afterwards nothing left of the estate to be administered either by herself or her successor. Her successor claims that the appropriation was wrongful, a breach of the bond, and brings this action on the bond in the name of the Probate Court of Scituate for damages or indemnity. The question is, whether such an action will lie in his behalf. The counsel for the defendant has referred us to a great many cases to show that it will not. The doctrine of these cases is that an administrator *de bonis non* is appointed to administer only so much of the estate as remains unadministered by the original administrator, and that his representative right or authority extends only to such remainder, unless it is further extended by statute. There can be, it has been said, only one administration, the administrator *de bonis non* taking it up where his predecessor left off, for the purpose of completing it, each being responsible to the creditors and next of kin, so far as he acts, and neither for or to the other. *Rives* v. *Patly*, 43 Miss. 338. In *Beall* v. *New Mexico*, 16 Wall. 535, 541, Mr. Justice Bradley, delivering the opinion of the court, said : " To the administrator *de bonis non* is committed only the administration of the goods, chattels, and credits of the deceased which have not been administered. He is entitled to all the goods and personal estate which remain in specie. Money received by the former executor or administrator, in his character as such, and kept by itself, will be so regarded ; but if mixed with the administrator's own money it is considered as converted, or, technically speaking, administered." And in accordance with this opinion it was decided that an administrator *de bonis non* cannot sue the former administrator or his representative for a *devastavit*, or for delinquencies in office ; nor maintain an action on the former administrator's bond for such cause. This decision is abundantly supported by the cases. *Potts* v. *Smith*, 3 Rawle, 361 ; also in 24 Amer. Decis. 359, to which a note collecting and discussing cases is appended. *State, use Oliver, Adm'r*, v. *Rottaken, Adm'r*, 34 Ark. 144 ; *Rowan* v.

*Kirkpatrick*, 14 Ill. 1; *Brownlee* v. *Lockwood*, 20 N. J. Eq. 239, 256; *Johnson* v. *Hogan*, 37 Texas, 77; *Byrd* v. *Holloway*, 14 Miss. 323; *Hagthorp* v. *Hooks*, *Adm'r*, 1 Gill & J. 270; *Kendall* v. *Lee*, 2 Pen. & W. Pa. 482; 1 Williams on Executors, bottom page 539, and note *b*.

The cases regard any portion of the estate which the former administrator has appropriated to his own use, ceasing to keep it apart from his individual estate, as administered, whether the appropriation was right or not. In this case, if Harriet Winsor ever became liable on her bond for appropriating the $1,756.50, she became liable when she appropriated it, and, of course, not to the administrator *de bonis non*, who had not then been appointed, but to the creditors and next of kin, suing in the name of the Court of Probate. And as the right and authority of the administrator *de bonis non*, when appointed, extended only to the unadministered residue, we do not see how, upon principle, any more than on authority, he is entitled to sue his predecessor or her legal representative on the bond for maladministration.

We do not find any statute under which the action lies. Pub. Stat. R. I. cap. 184, § 27, gives an action to " an administrator appointed to succeed an executor or administrator *resigning* or *removed* " to recover the goods and effects of the deceased, etc., but the action given seems to be not an action on the bond, but a direct action by the new administrator against his predecessor, or against the latter's " heirs, executors, or administrators or guardian," for the goods and effects remaining to be administered, and the books and papers appertaining thereto. If the purpose had been to give an action on the bond, the action would naturally have been given against the sureties as well as against the principal and his legal representatives, and would *not* have been given against his " guardian." Moreover, the action is given only to " an administrator appointed to succeed an executor or administrator resigning or removed," and not to an administrator appointed to succeed an administrator who, as in this case, has deceased.

Our conclusion is that the action is not maintainable, and that, according to agreement, judgment must be entered for the defendant for costs.

*Charles H. Page & Franklin P. Owen*, for plaintiff.
*John F. Lonsdale*, for defendant.