THOMAS H. DAVIS, *Administrator*, v. W. M. CLARK *et al.*

**No. 10150.**

1. STATUTE OF LIMITATIONS — *three-year, applies to action against administrator failing to pay money to successor when ordered.* The liability of an administrator for failure to pay over money of the estate to his successor when ordered to do so by the probate court, is one created by statute; and an action thereon by the administrator *de bonis non* against the sureties upon the bond of the former administrator, can only be brought within three years after the cause of action has accrued.    '

2. ——— *absence of principal from State does not suspend, as to surety.* The absence from the State of the principal does not suspend the running of the Statute of Limitations in favor of the sureties; they are severally liable, and are severally entitled to the protection of the statute. (Allen, J., dissenting.)

Error from Saline District Court. Hon. R. F. Thompson, Judge. · Opinion filed July 10, 1897. *Affirmed.*

This was an action against Lalla C. Collins, as administratrix of the estate of A. F. Harsh, deceased, and also against W. M. Clark, E. W. Ober and J. B. Shellabarger, as sureties on her administration bond. March 14, 1890, Lalla C. Collins was removed as administratrix and Thomas H. Davis appointed in her stead. He brought this action, alleging unfaithful administration, and the failure of the administratrix to account to the probate court for the sum of seven thousand dollars of the assets of the estate, which came into her hands as administratrix, and to pay the same over to her successor. On a trial by the court, the issues were found in favor of the plaintiff, and the following findings of fact and conclusions of law were made :

FINDINGS OF FACT.

" 1. On the twenty-fourth day of December, 1888, A. F. Harsh, then and theretofore a resident of Saline County, Kansas, died, leaving surviving him as his

only heir at law, Lalla C. Collins, one of the above-named defendants, and leaving an estate consisting of real and personal property.

"2. Said A. F. Harsh died intestate, and no letters of administration were taken out on his estate until the nineteenth day of June, 1889, when the widow, Lalla C. Harsh, was appointed by the Probate Court of Saline County, Kansas, administratrix of the estate of said deceased, and duly qualified by taking the required oath of office and by executing a bond, with said defendants, W. M. Clark, E. W. Ober and J. B. Shellabarger, as sureties, which bond was duly approved by the probate court on the twenty-first day of June, 1889. A copy of said bond is attached to plaintiff's petition. Said Lalla C. Harsh acted as administratrix of said estate until the fourteenth day of March, 1890, when she was discharged, and plaintiff, Thos. H. Davis, was appointed and duly qualified as administrator in her stead, and thereafter continued to act as such.

"3. On the —— day of January, 1889, said Lalla C. Harsh—now Lalla C. Collins—received from one W. P. Book the sum of seven thousand dollars in money, of the value of seven thousand dollars, being the proceeds of a loan on real estate negotiated by the said A. F. Harsh before his death, and assets of said estate; no account of said money or assets was made by said administratrix in the inventory which was filed by her in the probate court of said county, on June 21, 1889, nor was any reference whatever made to the fact that such assets had been received by her; and in the final report made by said administratrix on the twelfth day of March, 1890, no account was made of said money and assets, nor any reference whatever made to the receipt of the same. The final report of said administratrix was filed in said probate court on the twelfth day of March, 1890, in pursuance of a citation issued upon her by said court to show cause why she should not be removed as administratrix, because of her having become a non-resident of the State of Kansas; no notice was given or published to persons interested in said estate, that such report would be made by the administratrix, and only an *ex parte*

hearing was had thereon on the fourteenth day of March, 1890, when said report was approved, said administratrix discharged, and plaintiff, Davis, appointed in her stead. In the order discharging said Lalla C. Collins and appointing Thos. H. Davis, the court ordered and directed said administratrix to turn over and deliver to the said Thos. H. Davis all assets of said estate that had come into her hands. Said administratrix did not account to said Thos. H. Davis for said sum of seven thousand dollars, or any part thereof, nor has said Davis at any time received anything from any source on behalf of said estate for and on account of said seven thousand dollars.

"4. In the month of January, 1890, the widow, Lalla C. Harsh, was married to one Dr. Collins, of Pueblo, Colo., and, at that time, she removed to Colorado and has been a resident of that State and absent from the State of Kansas, continuously, from the — day of January, 1890, to this time, with the exception of one or two days when she was on a visit in Kansas.

"5. The estate of A. F. Harsh is insolvent, and there are not sufficient property and assets to pay the claims proved and allowed against said estate.

"6. By reason of the failure of said Lalla C. Collins to account for and turn over said money and assets, there has been a loss sustained by said estate to the amount of seven thousand dollars, with interest from March 14, 1890, at the rate of six per cent. per annum.

"7. No evidence was introduced to show what use or disposition was made of the seven thousand dollars by Mrs. Harsh.

"8. This action was commenced by said Thos. H. Davis, as administrator of said estate, against said Lalla C. Collins and the sureties upon her bond, on the seventeenth day of July, 1893, to recover the damages sustained by said estate by reason of the failure of said Lalla C. Collins, as administratrix, to properly account for and turn over the said assets of said estate which had come into her possession."

CONCLUSIONS OF LAW.

"1. Said Lalla C. Collins, as administratrix of the estate of A. F. Harsh, deceased, was guilty of breaches of the conditions of her bond as administratrix, in

failing to inventory the said money and assets in her hands, and in failing to account for and turn over the same to her successor, the plaintiff in this case.

" 2. By reason of the breaches of the conditions of said bond, a cause of action accrued to the plaintiff on said bond, on the fourteenth day of March, 1890, for the recovery of the damages sustained by said estate.

" 3. The plaintiff is entitled to judgment against said Lalla C. Collins, the principal in said bond, for the sum of eighty-nine hundred dollars.

" 4. This action, not having been commenced within three years after the cause of action accrued to the plaintiff, is barred as to the defendants, W. M. Clark, E. W. Ober and J. B. Shellabarger, and they are entitled to judgment for costs."

On these findings of fact and conclusions of law, judgment was rendered in favor of the defendant for costs. Of this judgment plaintiff in error complains.

*Bond & Osborn, J. G. Mohler* and *Garver & Larimer*, for plaintiff in error.

*W. H. Bishop, Burch & Burch* and *Hutchinson & Réaser*, for defendants in error.

JOHNSTON, J. The action was not barred against Lalla C. Collins, the principal on the bond, and the main question for our determination is whether it was barred against the sureties. It was not brought until more than three years after Mrs. Collins was ordered by the probate court to turn over the assets of the estate to her successor, and the court held that the three-year Statute of Limitations was applicable. It is contended by the plaintiff in error that the basis of the action is a contract in writing, and that therefore it may be brought at any time within five years after the right to sue accrued. The cause of action, however, does not arise out of the bond, but rather from the default of the administratrix, or her failure to ac-

count for and pay over the money of the estate when ordered by the court. The bond, as has been held, is only collateral security for the enforcement of causes of action that may arise ; and while there is a statute barring a cause of action upon the bond, which accrues more than five years before the action is begun, it does not suspend the operation of other statutes of limitation. And when a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond necessarily ceases to exist. *Ryus v. Gruble,* 31 Kan. 767.

We think the action was upon a liability created by statute, which, under the Code, could only be brought within three years after the cause of action accrued. The office of administrator is created and the trust defined by statute. Every step to be taken and every duty to be performed is prescribed. He takes only such powers as the statute confers, and all of his duties, functions and liabilities are fixed by statute. The substance, if not the form, of the bond of the administrator is prescribed by statute, but it does not give the cause of action. The liability of the administrator exists independently of the bond, and is just such a liability as the statute defines. The foundation of the plaintiff's right of recovery was the liability of the administratrix to pay over the money in accordance with the order of the probate court; and the action thereon accrued under, and was limited by, the statute. Without the statute, the plaintiff, who is an administrator *de bonis non,* could not maintain an action on his predecessor's bond. Under the common law, he simply took up the estate where his predecessor left it, and had to do only with the goods of the estate which remained unadministered. The former administrator was responsible to creditors and next of kin for de-

1. Action against administrator barred, when.

faults and delinquencies, but was never liable to his successor for property of the deceased which had been converted into money. *Beal v. New Mexico*, 16 Wall. 535; *Carrick v. Carriek*, 23 N. J. Eq. 364; *Court of Probate v. Smith*, 16 R. I. 444, 17 Atl. Rep. 56. Our statute, however, gives the substituted administrator the right to maintain an action against his predecessor, as well as the sureties upon his bond. Gen. Stat. 1889, ¶ 2810. It therefore appears that the right of the plaintiff to bring an action against the former administratrix and her bondsmen is derived solely from the statute; and, for this reason, we think it may fairly be said that the liability of the principal and sureties is created by statute, and an action thereon must be brought within three years after it accrues. Authority is found for this view in *Comm'rs Graham Co. v. Van Slyck*, 52 Kan. 622. That was an action in favor of the county to recover from the county clerk fees for his services, which under the statute were to be accounted for, and deducted from each quarterly allowance of his salary. The action was upon the official bond of the county clerk; and it was held that it was based upon a liability created by statute, and must therefore be brought within three years after it accrued.

The absence from the State of the principal did not suspend the running of the Statute of Limitations in favor of the sureties. The liability upon which the action was brought was several, and the general rule is that, where there is a several liability, each is entitled to the protection of the Statute of Limitations, and can be deprived of it only by some personal act of his own. *Steele v. Souder*, 20 Kan. 39. When the administratrix made default, the sureties at once became liable; and an action could have been brought against them,

2. Statute runs as to sureties through principal out of state.

although she had absconded and was beyond the jurisdiction of the courts. The Statute of Limitations would be of little benefit to the sureties if the concealment or absence of the principal would extend their liability indefinitely. The statute is one of repose, designed for peace and quiet, and as the sureties are severally liable, we think they are severally entitled to the protection of the statute.

The judgment of the District Court will be affirmed.

DOSTER, C. J., concurring.

ALLEN, J. (dissenting). This action is on the official bond of an administratrix, and clearly falls within the fifth clause of section 18 of the Code of Civil Procedure. As to the sureties, there is, and can be, no liability created by statute. Their liability arises solely from having signed the administratrix's bond, and her default. The liability is fixed by the terms of the obligation they signed, and the law as it stood at the time of its execution. The Legislature is powerless to impose by statute a liability on them which they did not incur by the execution of the bond. As to them, there was not, and cannot be, a liability created by statute. Whether the liability of the administratrix be one created by statute or upon a contract express or implied, is unimportant, for the case falls within section 21 of the Code, she having been absent from the State a sufficient length of time to take away the bar of the statute. Her liability is conceded, and the court rendered a judgment against her. Sureties on the bond of an administrator may plead as a defense to an action against them, either that the cause of action on the bond accrued more than five years before the commencement of the suit, in which event they would be discharged from liability whether their principal was

so or not, or, that the cause of action against the principal was barred by some shorter limitation, and being barred against the principal, it would, of course, be barred against the sureties.

Under the bond, they could never be liable when the principal was discharged. But neither of these pleas could avail the sureties in this action, for it was brought in less than five years after it accrued, and the principal has not been discharged from liability by any other statute of limitations. There is, therefore, no defense of which they may avail themselves.