THE BOARD OF COUNTY COMMISSIONERS OF CLOUD
COUNTY v. C. F. HOSTETLER *et al.*

**No. 254.**

1. COUNTY OFFICER—*liability of, to pay money into treasury is statutory and barred in three years.* The liability of an officer to pay over money to the county treasurer as required by law is one created by statute, and an action thereon against the sureties on his bond can be brought only within three years, after the cause of action has accrued.

2. —— *and action accrues when it first becomes his duty to so pay.* An action against a public officer for not paying over to the county treasurer money in his hands required by law to be so paid, accrues at the time it first becomes the duty of the officer to so pay it.

3. FRAUD—*under ¶ 4095, Gen. Stat. 1889, subdivision 3, defined.* Fraud, under subdivision three of paragraph 4095, General Statutes of 1889, consists in one person endeavoring, by deception or circumvention, to alter another's rights.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed November 15, 1897. *Affirmed.*

*A. L. Wilmoth*, County Attorney, and *L. J. Crans*, for plaintiff in error.

*J. W. Sheafor*, for defendants in error.

WELLS, J. This action was begun in the District Court of Cloud County, May 22, 1894, to recover of the defendant C. F. Hostetler as principal, and the other defendants as sureties, upon the official bond of C. F. Hostetler as clerk of the district court of Cloud County, for moneys which came into his hands as such clerk during his term of office beginning in January, 1887, and ending in January, 1889, and which he should have turned over to the county treasurer of Cloud County, but which it was alleged he unlaw-

fully, wrongfully, secretly and fraudulently withheld from the treasurer and converted to his own use, which conversion was without the knowledge of the plaintiff and was not discovered by and did not become known to it until the third day of October, 1893. The defendants answered by, *first*, a general denial, and *second*, an admission of the election, qualification and action of said C. F. Hostetler as clerk, and an averment that all sums of money received by him for the use of the plaintiff were duly paid it. The defendants also pleaded the Statute of Limitations. To this answer a reply was filed. The case was tried by a jury. After the plaintiff rested, a demurrer to the evidence was filed by the defendants and sustained by the court. A motion for a new trial was duly made and overruled, and the case brought here for review.

There are four specifications of error made by the plaintiff in error, but they all resolve themselves into one question : Did the plaintiff's evidence entitle it to a verdict in its favor? This depends solely upon the question whether the Statute of Limitations had run against the plaintiff's claim before the commencement of this suit. There is some question raised as to what limitation governs in this case, but we think the opinion in the case of *Davis v. Clark* (58 Kan. 454, 49 Pac. Rep. 665 ) is decisive of that question. The liability of an officer to pay over money to the county treasurer as required by law is one created by statute, and an action thereon against the sureties on his bond can be brought only within three years after the cause of action accrues, unless the case comes under the last clause of the third subdivision of paragraph 4095, General Statutes of 1889.

The next question is, When did the cause of action accrue? The moneys sued for are of three classes :

*First*, under paragraph 3053, General Statutes of 1889, which required them to be paid to the county treasurer at the end of one year; *second*, under paragraph 1975, General Statutes of 1889, which required them to be paid to the county treasurer when collected; and, *third*, under paragraph 5394, General Statutes of 1889, which simply says they are to be paid into the treasury. It seems clear that the causes of action under the first clause accrued at the end of one year after the date the moneys were received; and under the two latter clauses, at the time the money was received, unless as before mentioned and as contended by the plaintiff in error, they come under the head of actions for relief on the ground of fraud. We have searched the record in this case in vain for some evidence of fraud, or even of concealment. The plaintiff in error does not specify any item of active fraud, but says, in substance, that the method of keeping the books tends to show fraud on the part of the officer. We see nothing in the record to justify this. Fraud consists in one man endeavoring by deception or circumvention to alter another's rights. Bigelow's Law of Fraud, 5.

The general contention of plaintiff in error seems to be that, although they had notice that the defendant Hostetler had not paid in all the money he should have paid, yet, until they had ordered an expert examination of the records and such an examination had been made and a report showing in detail the full and exact facts in relation thereto filed, no cause of action accrued, and the Statute of Limitations did not begin to run. This is not the law.

The judgment of the District Court will be affirmed.