## OREGON v. DAVIS.

[71 Pac. 68, 72 Pac. 317.]

ACTION ON OFFICIAL BOND—LIMITATION.

1. An action on the official bond of a public officer for a defalcation is an action on a liability created by statute, which must be commenced within six years, under B. & C. Comp. § 6, and is not an action on a sealed instrument, which, under section 5, may be brought within ten years.

EFFECT OF SEALED SIGNATURES TO OFFICIAL BONDS.

2. The adding of seals to the signatures of obligors on an official bond does not change the statutory liability of the officer for a defalcation to a liability on a contract.

LIMITATION—DEFALCATION BY CLERK OF LAND BOARD.

3. Where the clerk of the board of commissioners for the sale of school lands collected certain money, correctly charged himself therewith, and reported the same to the board, but failed to pay it over to the state treasurer, the right of action on his bond for his defalcation accrued immediately, and not at the expiration of his term of office, as he was not a trustee of the fund, though Const. Or. Art. VIII, § 2, makes the school fund a trust fund. Under Hill's Ann. Laws, § 2726, requiring the clerk to "receive, receipt for and make immediate payment to the state treasurer" of such money, he was merely an agent of the board in which the contract and management of the fund was vested.

ESTOPPEL TO CHANGE POSITION*—STIPULATION BY STATE.

4. Parties having once assumed a certain position in a litigation, and their opponents having acted accordingly, they are estopped to claim otherwise, to the injury of the adversary, which applies as well to the state as to individuals; thus, in an action by the state on an official bond, a stipulation by the state, for the purpose of the trial, that the defalcation occurred more than six years before the commencement of the action, is as binding on the state as it would be on a private individual, and it will not be heard to claim on appeal, after losing the case below, that the stipulation was capable of another construction.

From Marion: GEORGE H. BURNETT, Judge.

Action by the state against George W. Davis and others on an official bond. From a judgment for defendants, plaintiff appeals.          AFFIRMED.

*NOTE.—See note to *Larch Mt. Invest. Co.* v. *Garbade,* 41 Or. 123, and *Durning* v. *Walz, post.*—REPORTER.

For the State there was a brief over the names of *D. R. N. Blackburn,* Attorney General, *Julius N. Hart,* District Attorney, and *John H. McNary,* with an oral argument by *Mr. McNary.*

For respondents there was a brief over the names of *E. P. McCornack* and *George G. Bingham,* with an oral argument by *Mr. Bingham in pro. per.*

MR. JUSTICE BEAN delivered the opinion of the court.

This action was commenced June 22, 1901, against George W. Davis, as principal, and the other defendants, as sureties, to recover the sum of $5,000 on Davis' official undertaking as clerk of the board of commissioners for the sale of school and university lands, and for the investment of the funds arising therefrom. The cause was tried on an agreed statement of facts, and without any pleadings on the part of the defendant sureties. It appears from the statement that Davis was clerk of the board from August 3, 1891, to July 31, 1895; that for the period ending December 31, 1894, he collected, as such clerk, on account of the irreducible school fund, principal and interest, about $30,000 more than he paid over to the state treasurer, which latter sum he embezzled, and appropriated to his own use; that during the period from December 31, 1894, to the expiration of his term of office on July 31, 1895, he paid over to the treasurer, as required by law, all money collected by him; that he "correctly charged himself with and at once reported all moneys by him received as such clerk"; and that prior to the 14th of January, 1895, he made "a full statement in the form of a report to the said board of commissioners of all moneys by him collected and moneys by him disbursed." It thus appears from the agreed statement of facts that Davis' defalcation occurred some time prior to January 1, 1895, more than six years before the commencement of this action. For this reason the court below held that the action was barred by the statute of limitations, and this is the only question that we deem it necessary to consider.

1. For the state the contention is that the action is brought on

a sealed instrument, and therefore is not barred, it having been commenced within ten years (B. &. C. Comp. § 5), while the defendants' position is that it is an action on a liability created by statute, and barred after the lapse of six years (B. & C. Comp. § 6). It has twice been held by this court that an action on the official undertaking of a public officer for a breach thereof on account of the delinquency or nonfeasance of the officer is an action on a liability created by statute, and must be commenced within six years. It was so held as early as 1887 in *Howe* v. *Taylor,* 6 Or. 284, and again, in 1900, in *Multnomah County* v. *Kelly,* 37 Or. 1 (60 Pac. 202). But, inasmuch as the state maintains that the question was not involved in either of the cases referred to, we have been constrained to re-examine it in the light of the decisions in other states under similar statutes; and the only case to which our attention has been called, or which we have been able to find, holding otherwise, is that of *Placer County* v. *Dickerson,* 45 Cal. 12, which is in direct conflict with later decisions of the same court, (*Paige* v. *Carroll,* 61 Cal. 211; *People* v. *Van Ness,* 76 Cal. 121, 18 Pac. 139), and is practically overruled in *Sonoma County* v. *Hall,* 132 Cal. 589 (62 Pac. 257, 312, 65 Pac. 12, 459). The theory upon which the adjudications proceed is the obvious fact that a bond or undertaking of a public officer creates no obligation in itself, but is in the nature of a collateral contract, simply furnishing a security against the neglect of duty or the dishonesty of the officer, and that an action thereon is for the breach of such duty, and therefore, in effect, although not in form, an action against the officer for misfeasance or nonfeasance in office, which, when barred as to him, is barred as to his sureties. Thus the statue of Ohio provided that an action against an officer for misfeasance or nonfeasance in office should be commenced within one year, and on a specialty contract, or any agreement or promise in writing, within fifteen years; and it was held that an action against a sheriff and his sureties for a false return was not an action on a written instrument, within the meaning of the statute of limitations, but one for the misfeasance of the officer, and was barred, as to the sureties, after one year. In

deciding the case the court said: ''The actual cause of action is not the execution of the bond. That is more in the nature of a collateral security. But the cause of action is the misfeasance,—the false return. Without proof of the false return, there could be no recovery. The action is, in effect, although not so in form, an action against an officer for misfeasance in office. So far as actions of this character are concerned, the limitation acts upon the cause, not the form of action. And the effect of the statute cannot be evaded by any change of the form of action'': *State* v. *Conway*, 18 Ohio, 234.

*Ryus* v. *Gruble*, 31 Kan. 767 (3 Pac. 518), was an action on a sheriff's bond. for a wrongful levy by the officer upon personal property. The statute provided that an action for taking, detaining, or injuring personal property should be commenced within two years after the cause of action accrued, while one on the official bond of a sheriff should be barred in five years; and it was held that, as the action against the sheriff for the wrong complained of was barred at the time the action on the bond was commenced, the latter action was also barred, although commenced within five years. Mr. Justice VALENTINE, speaking for the court, said: ''As before stated, the wrongs committed by the defendant (sheriff) are the real and substantial foundation for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts; and, while the statute cited by plaintiff operates to bar every action brought upon the bond to enforce a cause of action which accrued more than five years prior to the commencement of the action, yet such statute does not operate to suspend the operation of the other statutes of limitation, or to continue in force or revive a cause of action which had already been barred by some one of the other statutes of limitation. Whenever a cause of action is barred by any statute of limitation, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing

must cease to exist. When the principal debt or cause of action fails, the security must also fail; and, as we have stated before, a sheriff's bond is simply a security collateral to the main cause of action.'' A case in point, and instructive, is *Spokane County* v. *Prescott,* 19 Wash. 418 (53 Pac. 661, 67 Am. St. Rep. 733). It was an action brought on the official bond of a county treasurer to recover for his defalcation, and was barred by the statute of limitations as to the treasurer; but it was contended that it was not barred as to the sureties on his bond, because their liability was on a contract in writing, and was not one created by statute. It was held, however, in an able and exhaustive opinion by Mr. Justice REAVIS, that the liability of the sureties was collateral to that of their principal, and that an action could not be maintained against them unless the liability of the principal existed at the time of the commencement of the action. He said: ''Manifestly, in conformity to well-recognized legal principles, no action can be maintained against the sureties unless the liability of the principal exists at the time of the commencement of the action. One of the duties of the treasurer required by the statute was the payment of the money in his possession belonging to the county to his successor in office. The liability arose when he neglected or refused to make such payment. Certainly, the cause of action accrued at that date. The undertaking of the sureties was collateral security for the performance of the duties of their principal. The bond itself is security that an officer will discharge his duties. His failure to discharge them is a breach of a statutory duty. The bond does not impose any obligation upon him different from that created by the statute.'' This same doctrine has been applied in favor of the sureties on an official bond for a failure of the officer to collect or pay over money as required by law: *Cloud County* v. *Hostetler,* 6 Kan. App. 286 (51 Pac. 62); *Davis* v. *Clark,* 58 Kan. 454 (49 Pac. 665); *Sonoma County* v. *Hall,* 132 Cal. 589 (62 Pac. 257, 312, 65 Pac. 12, 459); *Ware* v. *State,* 74 Ind. 181; *Ada County* v. *Ellis* (Idaho), 48 Pac. 1071. So that there seems to be no basis under the authorities for the contention that an action can be maintained

on the undertaking of a public officer when it is barred as to the officer himself.

2. The sealing of the undertaking in the present case did not change its character, or the liabilities of the parties thereto. It still remained as a security for the faithful performance by Davis of the duties of his office, and the liabilities of the sureties are merely for a breach of such duties. What the effect was, if any, of adding seals to the signatures of the obligors, it is not now necessary to consider. It clearly did not change the instrument from a statutory undertaking to a contract under seal, nor did it change the statutory liability of Davis for a defalcation to a liability on a contract.

3. It is said that, because the school fund is made a trust fund by the constitution (Const. Or. Art. VIII, § 2), the statute of limitations did not commence to run in favor of Davis until the expiration of his term of office. He was not a trustee of the fund, however, holding it under an express and continuing trust, but was simply the clerk of a board vested by the constitution with the control and management of the fund, with power to collect only that he might pay over to the state treasurer. His duty was to "receive, receipt for and make immediate payment to the state treasurer" of such money (Hill's Ann. Laws, § 2726); and when he collected it, correctly charged himself therewith on his books, and reported the same to the board, but failed to pay it over, a cause of action therefor accrued against him immediately. Where an agent receives or has a fund under an express and continuing trust, no right of action will accrue until the trust is ended by the terms of its creation or by act of the parties: *Quinn* v. *Gross,* 24 Or. 147 (33 Pac. 535); *Shepherd* v. *Shepherd's Estate,* 108 Mich. 82 (65 N. W. 580). But where there is no such trust, and his only duty is to collect the fund, and pay it over to the owner, or some other authorized person, and he reports the collection, but fails to make such payment, the statute commences to run immediately: 1 Wood, Lim. (2 ed.) 347; *Cloud County* v. *Hostetler,* 6 Kan. App. 286 (51 Pac. 62); *Merchants' Bank* v. *Rawls,* 21 Ga. 289; *State to use* v. *Dailey,* 4 Mo. App. 172; *Lyle* v.

*Murray,* 4 Sandf. 390. The stipulation of facts upon which this case was tried recites that Davis correctly charged himself with all moneys collected, and at once reported the same to the board, but did not pay over to the state treasurer, as by law required, all that he received prior to the first day of January, 1895, but did so pay over all that he received after that date. There is, therefore, no basis, under the agreed facts, for an argument that the statute did not begin to run until the expiration of Davis' term of office because he concealed the fact of his collection or failure to pay over. According to the stipulation, the true facts were all reported by him to the board, and the defalcation was a mere matter of calculation. It follows, therefore, that this action is barred by the statute of limitations, and the judgment of the court below must be affirmed, and it is so ordered.   ·          AFFIRMED.

Decided 1 May, 1903.

ON PETITION FOR REHEARING.

For the motion there was a brief by *Mr. Andrew M. Crawford,* Attorney General.

MR. JUSTICE BEAN delivered the opinion.

4. This case was tried and decided on an agreed statement of facts, from which it appears, as all parties assumed and represented at the hearing, that the defalcation of Davis was committed prior to January 1, 1895. The Attorney General has filed a petition for a rehearing, in which he argues that the stipulation does not necessarily so state. But the construction given it by his predecessor in office, who made and signed it, is in accordance with its plain intent and meaning, and must prevail. It was admitted and stipulated as a fact by the state, for the purpose of the trial, that the defalcation occurred more than six years before the commencement of the action, and such stipulation is as binding upon the state as it would be upon a private individual.          REHEARING DENIED.