W. W. ORRICK, ADMINISTRATOR OF M. D. VAHEY, DECEASED, Respondent, *v.* BRIDGET VAHEY AND MARK D. VAHEY, Appellants.

1. *Administrator of deceased co-partner — Bondsmen not liable for malversation of partnership effects.*— The sureties on the bond of an administrator of the individual estate of a deceased co-partner are not liable for his malversation of partnership assets. The inventory and appraisement, provided for in sections 53 and 54 of the Administration Act touching partnership estates (Wagn. Stat. 78), are for the purpose of ascertaining the inventory of the deceased member, but they do not authorize the administrator on the personal assets to take charge of the partnership property or exercise any control over the same. Such acts are not within the sphere of his duties, and his bond does not cover them. He may take out letters of administration on the partnership estate, but in that case he must give a new bond, and he acts in a new, separate and distinct capacity.

*Appeal from Ray Court of Common Pleas.*

*Alexander & Chiles* and *Wallace & Mitchell,* for appellants.

Even if the partnership estate should be regarded as a distinct and independent estate, and the administrator in charge of both as acting in two entirely different capacities, his sureties on his general administration bond are liable for the distributive share of the deceased partner, and not his sureties on the bond given in respect to the· partnership estate. (Wagn. Stat. 73, § 18; *id.* 79, §§ 59, 60; *id.* 109, § 11; Schnell v. Schroeder, 1 Bail. Ch. 334; The People v. White, 11 Ill. 341; Ennis v. Smith, 14 How. 400; Pratt v. Northern, 5 Mason, 95; Morrow v. Peyton, 8 Leigh, 54; Alston v. Munsford, 1 Brock, 266.) Where a sum of money becomes due and payable from a person acting in one fiduciary capacity to the same person acting in another

fiduciary capacity, there is no extinguishment as at common law, but the amount is by operation of law *eo instanti* transferred, and he becomes liable and must account for it in the latter capacity. (State v. Horst, 12 Mo. 365.) When W. W. Orrick made his final settlement of the partnership estate, and the balance due the individual estate was ascertained, and he was ordered by the court to pay the amount to himself as administrator of the individual estate, the character of debtor and creditor became united in the same person, and the amount was instantly transferred by operation of law; and when he subsequently offered his final settlement of the individual estate the court should have charged him with it, since it had not been included in the inventory of the individual estate as the law requires, nor debited to him in his general administration. (The State, to use of Jacobs and Wife, v. Hearse, Adm'r, etc., 12 Mo. 365; Wagn. Stat. 109, §§ 9, 10, 11.)

*Geo. W. Dunn*, for respondent.

It could not have been intended by the Legislature that the administrator of the individual estate should be charged with one-half of the partnership estate, at the same time that the administrator of the partnership estate must be charged with the whole amount of the partnership estate. The proper construction of the statute (Wagn. Stat. 78, §§ 54, 54) is, that the administrator of the partnership estate must be charged in the first instance with the whole amount of the partnership estate, and the administrator of the individual estate with the amount that comes into his hands as the share of the deceased in the partnership estate, upon the final settlement of the partnership estate. The principles that govern this case are the same that would govern it if one person had been administrator of the individual estate, and another person administrator of the partnership estate. In that case the absurdity of charging one administrator and his sureties with the amount of the defalcation of another administrator, for which other sureties are liable, would be manifest.

WAGNER, Judge, delivered the opinion of the court.

The question here relates to the liability of sureties on an administrator's bond. It seems that Orrick was appointed administrator on the estate of Mark D. Vahey, deceased, and that he duly qualified and gave bond. Vahey had been in partnership with one Jennings, and the latter neglecting to administer on the partnership effects as provided for by statute, Orrick also took out letters of administration on the partnership estate, and gave the additional bond required. The latter bond was only for $1,000, and was grossly inadequate in amount, and the Probate Court was palpably remiss in its duty in not exacting a larger one. Upon a final settlement of the partnership effects, it was found that there was due to the partnership estate $2,472 96, which Orrick had used and converted to his private purposes, and that he was insolvent. His sureties on the partnership bond paid on his account $1,000, the penalty of the bond, and there was then left a balance of $1,472.96 due the individual estate, which he was ordered to pay over. He had used the money before the settlement, and he never held it as individual administrator. Upon a final settlement of the private estate of Vahey, an attempt was made to charge him with the deficit due and owing to the partnership estate. If he was so chargeable, then his sureties on the individual estate would be liable. This constitutes the only question in the case.

To show that the administrator of the private estate is liable for the partnership effects, the statute is cited (Wagn. Stat. 78, §§ 53–4), which provides that the administrator on the estate of the deceased member of the co-partnership shall include in the inventory, which he is required by law to return to the court, the gross amount of the partnership estate as inventoried and appraised, but that he shall be charged with an amount equal only to the deceased's proportional part of the co-partnership interest. And if the surviving partner shall not have administered on the partnership estate at the time the administrator of the estate of the deceased partner shall proceed to take his inventory, it is then the duty of the administrator to include in the

inventory returned to the court the whole of the partnership estate; but the appraisers shall carry out in the footing an amount equal only to the deceased's proportional part of the co-partnership interest. Provision is then made for delivering the property so appraised over to the surviving partner if he elects to administer and gives the necessary bond, but if he neglects or declines to administer, then the individual administrator shall administer on the partnership property; but before proceeding to do so, however, he must give a further bond conditioned to faithfully execute the trust. (Wagn. Stat. 78, §§ 55, 59, 60.)

It is obvious that the inventory and appraisement, provided for in sections 53 and 54, are for the purpose of ascertaining the interest of the deceased member, but they do not authorize the administrator on the personal assets to take charge of the partnership property or exercise any control over the same. (Bredow v. The Mut. Sav. Inst., 28 Mo. 185.) In all instances the surviving partner has the choice to administer on the partnership effects if he sees proper to do so; but if he neglects, then the individual administrator may take out letters of administration on the partnership estate. But he is required to give a new bond, and he acts in a new, separate and distinct capacity. The sureties on the latter bond are responsible for the disposition of the partnership assets, and the sureties on the first bond are held for any malversation as to the individual estate.

Had there been two administrators in this case, one on the separate estate and another on the partnership, it will not be pretended that the individual administrator would be liable for the malfeasance or defalcation of the partnership administrator. Because Orrick acted in a dual or two-fold character, the case is not altered so far as the sureties are concerned. One set of bondsmen agreed that they would be responsible for his faithful performance of duty in the administration of one estate, and the other set held themselves liable for his acts and delinquencies in the other. The liability of the surety is never extended beyond the plain terms of his contract. His undertaking is extended to whatever is comprehended within the scope and limits of his engagements, and he is bound by the conditions of his obliga-

tion, and nothing more. (Blair v. Perpetual Ins. Co., 10 Mo. 559 ; Nolley v. Callaway County Court, 11 Mo. 447; State, to use of Watts, v. Boon, 44 Mo. 254.)

As the money came into Orrick's hands as partnership assets, and was converted by him while acting as administrator on the partnership property, the sureties on the bond for the partnership administration are alone liable. That loss occurs by reason of the inadequacy of the bond, is the fault of the court exercising probate jurisdiction ; but the sureties on the first bond, who never became responsible for the administration of the partnership effects, cannot be made to suffer thereby.

Judgment affirmed. Judge Bliss concurs. Judge Adams absent.