D. W. BURNSIDE, RESPONDENT, *v.* MARY A. SAVIER
ET AL., APPELLANT.

ADMINISTRATOR CANNOT PARTITION, WHEN.—The administrator of a partnership cannot partition the real estate of the partnership, it is the province of a court of equity so to do.

THIS is an appeal from the Circuit Court sitting in Clackamas county. The respondent in his own right as surviving partner of the two firms of La Rocque, Savier & Co., and Savier & Co., and in his capacity as administrator of the property of each of said partnerships, filed his complaint in equity in said court against said George La Rocque, surviving partner of said firm of La Rocque, Savier & Co., and against Mary A. Savier as widow, and as administrator of the estate of Thomas A. Savier, deceased, who in his lifetime was the third and only other member of said firm, and against Sarah B., Mary L., Florence A., and Lydia H. Savier, minors, the only children and heirs at law of said Thomas A. Savier, deceased, all of whom were made parties defendant to said suit.

The complaint alleges that respondent was duly appointed administrator of the property and estate of said firm of La Rocque, Savier & Co., after the death of said T. A. Savier, and is now such administrator, as well as one of the surviving partners of said firm. That as such administrator he has proceeded to collect all the debts due said firm, and has paid all demands against it; that he has sold all the personal property of said partnership and received the money therefor; that there now remains in his hands, belonging to said firm, in cash, the sum of thirty-one thousand two hundred and forty-three dollars and twenty-four one hundredths, and that there is real property belonging to said partnership of the apprised value of fifty thousand six hundred and eighty-three dollars and twenty-five one hundredths, consisting of the flouring mill property at Oregon City and some town lots of small value in Butteville and Dayton. The complaint further alleges that the one-half of this property by the terms of said partnership belongs to said La Rocque, and one-fourth of it to each of said other members of said firm.

That Burnside and Savier were also the members composing another firm at Portland, Oregon, doing a mercantile business under the firm name of Savier & Co., and that respondent is administrator of the estate of the said firm. That said Burnside and Savier, as members of said firm of La Rocque, Savier & Co., have drawn from the assets of said partnership the sum of seventy-eight thousand one hundred and twenty-four dollars and seventy-five one hundredths in coin, and advanced the same, to said firm of Savier & Co., and that La Rocque is entitled to receive from said firm of La Rocque, Savier & Co. a like sum of seventy-eight thousand one hundred and twenty-four dollars and seventy-five one hundredths before said Burnside, or the estate of said Savier shall receive anything further of the said copartnership; and that after said La Rocque shall have so been made equal with said Burnside and Savier's estate, then any balance of assets of said partnership of La Rocque, Savier & Co. should be divided, the one-half thereof to La Rocque, the one-fourth thereof to respondent, and the remaining one-fourth to Mary A. Savier, as administratrix of the estate of T. A. Savier, deceased.    That the real estate of La Rocque, Savier & Co., will have to be sold in order to such distribution and settlements, a decree authorizing which is prayed.

A guardian *ad litem* was duly appointed for said minor defendants, who interposed a demurrer to the complaint. Defendants La Rocque and Mary A. Savier, each likewise demurred separately to the complaint.    The demurrers were overruled.    La Rocque and Mrs. Savier rested.  The minor defendants answered by their guardian *ad litem*. Evidence was taken and heard by the court sustaining the allegations of the complaint and decree rendered in accordance with the prayer thereof.    From said decree this appeal is taken.

*W. W. Upton*, for the appellants.

*Dolph, Bronaugh, Dolph & Simon*, for the respondent.

By the Court, McARTHUR, J.:

The question presented by this record for determination

is as to the extent of the power and jurisdiction of the county court, sitting in probate under section 1071 of the Code. After defining the powers and duties of the "administrator of a partnership" in a very general way, the section concludes as follows: "In the exercise of his powers and the performance of his duties, the administrator of the partnership is subject to the same limitations and liabilities, and control and jurisdiction of the court, as a general administrator." Under our law the general administrator of an estate has no power or authority, nor can any be conferred upon him to sell any more of the real estate of his intestate than is necessary to pay debts. Nor can he by any order of the court to which he owes his appointment, and by whose orders he is generally directed, partition the remaining realty among those entitled thereto. Such partition can only be made pursuant to a decree of a court of equity. (Code, sec. 419.)

In view of the limitations placed upon the administrator of a partnership, and the want of jurisdiction in the county court, sitting in probate, to partition the remaining realty, we are inclined to the opinion that the power of such an administrator extends only to the collection of the debts due the partnership and the payment of demands against it, with the incidental power invested by order of the court, after proper steps taken, of selling the personal property, and so much only of the real estate as may be necessary to pay debts of the partnership, leaving the questions that may arise among the partners and their representatives on settlement of the affairs of the partnership between themselves, and the partition of the partnership realty or its sale, and the distribution of the proceeds, to the determination of a court of equity.

Decree affirmed.