[Argued November 30, 1896; decided May 1, 1897.]

## COLUMBIA COUNTY *v.* MASSIE.

(48 Pac. 694.)

1. LIABILITY OF SURETIES ON OFFICIAL BONDS—GENERAL AND SPECIAL BONDS.—Where additional duties are imposed on a public officer, and he is required to give a bond particularly conditioned for their faithful performance, the sureties on his general bond are not liable for any delinquency in the performance of such new obligation. Within this rule the sureties on a sheriff's general bond, given under section 2392 of Hill's Ann. Laws, for the faithful performance of his duties, and the payment of all moneys coming to him by virtue of his office, are not liable for his failure to account for moneys received by him as tax collector; an additional bond covering his duties as such collector being required by section 2794 of said Laws.

2. IDEM.—Under the laws of Oregon in force in the year 1895 the general bonds of sheriffs and the special bonds required of them as tax collectors were not cumulative, but were independent bonds intended to secure the faithful performance of separate and distinct duties; from which it follows that the sureties on one of such bonds were not liable for any defalcation in the performance of the duties for which the other bond was given.

From Multnomah: E. D. SHATTUCK, Judge.

Action at law by Columbia County against G. A. Massie and others to recover a certain sum collected by Massie as taxes, and taken with him when he fled from the country as a defaulter. There was a judgment on the pleadings in favor of defendants, hence this appeal.

AFFIRMED.

For appellant there was a brief over the names of *Julius C. Moreland* and *W. N. Barrett,* district attorney. with an oral argument by *Mr. Moreland.*

For respondents there was a brief over the names of *Dillard & Cole,* with an oral argument by *Mr. W. B. Dillard.*

Opinion by MR. JUSTICE BEAN.

1. This is an action against G. A. Massie, late sheriff of Columbia County, and the sureties on his official undertaking, to recover the sum of $3,500 on account of taxes collected by him and not accounted for according to law. Massie was elected sheriff in June, 1892, and qualified by giving an official undertaking in the sum of $10,000, as required by section 2392 of the Code, with the other defendants as sureties, but failed and neglected to give the additional bond required by section 2794 before entering upon his duties as tax collector, and the single question on this appeal is whether the sureties on his official undertaking are liable for his default in the matter of the collection of taxes. By the provisions of sections 2390 and 2392, Hill's Ann. Laws, the sheriff is required, before entering upon the discharge of his duties as such, to give and file an undertaking in the sum of $10,000, with two or more sureties, residents of the county, and having the qualification of bail on arrest, conditioned that if he " shall not faithfully pay over, according to law, all moneys that may come to his hands by virtue of such office, and otherwise well and faithfully perform the duties" thereof, his sureties or either of them will

pay to the State of Oregon the sum of $10,000. By sections 2793 and 2794 the sheriff is made the tax collector of his county, and it is provided that "before entering upon the collection of taxes" he "shall execute an additional bond in such sum as the county court may direct." It thus appears that the sheriff is required, before entering upon the general duties of his office, to give and file an official undertaking with sureties for the faithful performance thereof, and for the payment according to law of all moneys which may come into his hands, and this would probably cover his duties as tax collector, if the legislature in imposing that duty had not required him to execute an additional bond before entering upon its performance. In view of this latter provision of the law, it seems to us very plain that the legislature was not willing to rely upon the general bond of a sheriff for the performance of his special duty as tax collector, but required the execution of an additional bond for that purpose; and, this being so, the sureties on his official bond are manifestly not liable for a default in the discharge of the special duty.

The general rule is unquestioned that where a special duty is imposed upon a public officer, and he is required to give an additional bond for its faithful performance, the sureties on his general bond are not liable for any delinquency in the performance of such special duty: Murfree on Sheriffs, § 51; 24 Am. & Eng. Enc. Law (1st ed.), 874. Thus, by the law of Kentucky the sheriff was made the collector of certain railroad taxes, and required to give a special bond as security for the performance of that duty, and it was

held that he had no right to collect the taxes until he had executed the required bond, and therefore the sureties on his general official bond were not liable for his default in the matter of the collection of such taxes: *Anderson* v. *Thompson,* 10 Bush. 132.   So, also, in *Commonwealth* v. *Toms,* 45 Pa. St. 408, it was held that the sureties on a bond given by a register for the faithful execution of his duties, and the payment of all moneys received for the use of the commonwealth to the proper custodian thereof, were not responsible for collateral inheritance taxes collected but not paid over by him, since the law under which they were collected required a special bond to cover that duty. And again in *County Board of Education* v. *Bateman,* 102 N. C. 52 (11 Am. St. Rep. 708, 8 S. E. 862), it was ruled that the bond of a county treasurer, conditioned that "he shall well and truly account for all moneys that may come to his hands by virtue of his office, and shall faithfully perform all things pertaining to his office," etc., did not cover the duties imposed by a law requiring him to receive and disburse all public school funds, and to execute a bond as surety for the performance of such duty.   In addition to these adjudications, the following decisions and authorities therein cited may also be referred to as bearing upon this discussion, and fully supporting the doctrine announced: *Board of Supervisors* v. *Ehlers,* 45 Wis. 281; *Costley* v. *Allen,* 56 Ala. 198.

2.   Counsel for the plaintiff contends, however, that the official bond of a sheriff and his special bond as tax collector are, under the statutes of this state, cumulative, and that the sureties on both bonds are

liable for the faithful performance of the duties imposed upon that officer by law, whether they are strictly as sheriff or as tax collector; but this can hardly be regarded as the most reasonable construction of the statutes. While the legislature may constitutionally impose upon a sheriff the duty of collecting the public revenues (*Lane* v. *Coos County*, 10 Or. 223), it is certainly no part of the general duties of that officer. The duties of a sheriff, as such, are more or less directly connected with the administration of justice, and have no relation whatever to the collection of the public revenues. They relate to the execution of the orders, judgments, and processes of the courts, the arrest and detention of persons charged with crime, the preservation of the public peace, the service of papers, and the like; and, therefore, when the legislature required the giving and filing of an undertaking before entering upon the performance of the duties of sheriff, and another before entering upon the performance of the special duty of collecting the public taxes, it is but reasonable to assume that it had this distinction in mind, and intended the official bond to cover the duties of the sheriff as such, and the other and additional bond as security for the performance of the special duty imposed upon him by the law requiring him to collect the public revenues, and that the sureties on one bond should not be liable for any defalcation in the performance of the duties for which the other was given. These principles lead to an affirmance of the judgment, and it is so ordered.

AFFIRMED.