IN THE

# SUPREME COURT

OF

# OREGON.

---

Argued 17 January; decided 5 March; rehearing denied 23 April, 1900.

## MULTNOMAH COUNTY *v.* KELLY.

[60 Pac. 202.]

LIMITATIONS—ACTION ON STATUTORY BOND OF SHERIFF.

1. An action on a sheriff's undertaking for the faithful performance of his duties as tax collector is based on a liability created by statute, and it is governed, in respect to the time of its commencement, by Hill's Ann. Laws, ₰ 6, subd. 2, providing that an action on a liability created by statute shall be commenced within six years, and not by section 7, subd. 1, providing that "an action against a sheriff on a liability incurred by the doing of an act in his official capacity and in virtue of his office shall be commenced within three years," which refers only to actions on liabilities incurred while discharging his ordinary functions.

STATUTORY CONSTRUCTION—PLEADING—LEAVE TO SUE.

2. The objection to a complaint in an action on the bond of a public official, that leave to sue has not been granted, should be taken by motion for nonsuit as required by Section 342, Hill's Ann. Laws, otherwise it will not be considered when raised for the first time on appeal.

Headnotes by WOLVERTON, C. J.

From Multnomah: ALFRED F. SEARS, Jr., Judge.

Action by Multnomah County against Penumbra Kelly and others. Defendants appeal. AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. John W. Whalley.*

For respondent there was a brief over the names of *Russell E. Sewall*, District Attorney, and *Roscoe R. Giltner*, with an oral argument by *Mr. Sewall*.

. MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an action instituted October 15, 1897, by the plaintiff county against its former sheriff and the sureties upon his undertaking for the faithful performance of his duties as tax collector, and for the payment to the county treasurer of all moneys collected by him in such capacity. The funds for which recovery is sought were collected between March 28, 1893, and August 1 of the same year. The .case comes here on demurrer to the complaint, based upon the single ground "that the action has not been commenced within the time limited by the Code of Civil Procedure, as appears upon the face of said complaint, to wit, within three years from the time the alleged cause of action arose." The court below held that the demurrer was not well taken, and, judgment being rendered for plaintiff, the defendants appeal.

1.   The defendants invoke Section 7, Hill's Ann. Laws, in bar of the action, which section prescribes (subd. 1) that " an action against a sheriff, coroner, or constable, upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office ; or by the omission of an official duty ; including the nonpayment of money collected upon an execution,"—shall be commenced within three years. But its application is not apparent. The duties of the sheriff as tax collector are quite distinct from those imposed upon him while acting in his ordinary capacity. For the faithful discharge of such duties, he is required by the statute to give a separate and distinct undertaking. Indeed, his undertaking as sheriff will not cover defalcations as tax collector :

*Columbia County* v. *Massie*, 31 Or. 292 (48 Pac. 694). It was said in that case that " the duties of sheriff, as such, are more or less directly connected with the administration of justice, and have no relation whatever to the collection of the public revenues. They relate to the execution of the orders, judgments, and processes of the courts, the arrest and detention of persons charged with crime, the preservation of the public peace, the service of papers, and the like ; and therefore when the legislature required the giving and filing of an undertaking before entering upon the performance of the duties of sheriff, and another before entering upon the performance of the special duty of collecting the public taxes, it is but reasonable to assume that it had this distinction in mind, and intended the official bond to cover the duties of the sheriff as such, and the other and additional bond as security for the performance of the special duty imposed upon him by the law requiring him to collect the public revenues, and that the sureties on one bond should not be liable for any defalcation in the performance of the duties for which the other was given." The duties imposed upon the sheriff, while acting in the capacity of tax collector, are special in character, and are not such as pertain to the ordinary functions of that officer. Section 7, subd. 1, has reference to actions against the sheriff upon liabilities incurred by him while acting in the discharge of his ordinary functions, and we are of the opinion that it was not designed to cover the defalcation of the sheriff while acting in his official capacity as tax collector, any more than the undertaking as sheriff was designed to cover his acts while in the discharge of his special functions. Such being the case, *Howe* v. *Taylor,* 6 Or. 284, becomes decisive of the controversy, and the action may be denominated one arising upon a liability created by statute, and governed, in

respect of the limitation of its commencement, by Section 6, subd. 2, Hill's Ann. Laws.   Six years is therefore the time prescribed for its commencement.   Within the rule of that case, the undertaking must be considered as a security against the official delinquencies, and the officer, by his neglect of duty in failing to account for the funds collected, rendered both himself and sureties liable thereon.

2.   It is insisted here, however, for the first time, that the complaint does not state facts sufficient upon which to base the action, in this :   that it does not show that leave had been first obtained of the court in which the action was brought, or of the judge thereof, before commencing the same, as required by Section 342, Hill's Ann. Laws. That section reads :   " Before an action can be commenced by a plaintiff other than the state, or the municipal or public corporation named in the undertaking or other security, leave shall be obtained of the court or judge thereof where the action is triable.   Such leave shall be granted upon the production of a certified copy of the undertaking or other security, and an affidavit of the plaintiff or some person on his behalf showing the delinquency.   But if the matters set forth in the affidavit be such that, if true, the party applying would clearly not be entitled to recover in the action, the leave shall not be granted.   If it does not appear from the complaint that the leave herein provided for has been granted, the defendant on motion shall be entitled to judgment of nonsuit ;   if it does, the defendant may controvert the allegation, and if the issue be found in his favor, judgment shall be given accordingly."   But as the question was not raised in the court below, and the section just quoted having designated a specific mode of raising it, which is by motion for nonsuit, if it does not appear from the complaint that leave had been granted, and that mode not

having been adopted, we do not now feel warranted in disturbing the action of the lower court: 15 Enc. Pl. & Prac. 95.    The judgment will therefore be affirmed.

AFFIRMED.