Argued May 4, decided May 26, 1908.

## WHEELER COUNTY v. KEETON.

[95 Pac. 819.]

TAXATION—SHERIFF'S BOND—DEFAULT AS TAX COLLECTOR—SURETIES' LIABILITY.

B. & C. Comp. § 2528, requires a sheriff to give an official bond with resident sureties. Section 3093, makes him *ex officio* tax collector. Hill's Ann. Laws, § 2794, required a sheriff before collecting taxes, to execute an additional bond, and after the Supreme Court decided that such additional bond was not cumulative to the sheriff's official bond, and that the sureties on the official bond were not liable for his failure to pay over money collected as taxes (Columbia County v. Massie, 31 Or. 292: 48 Pac. 694), the statute was amended so as to require him, as now provided by B. & C. Comp. § 3094, to give a bond as tax collector, signed by a surety company or other sureties approved by the county court, and so as to make such bond additional and cumulative to the general bond to which resort may be had on his default as tax collector, "if the additional bond be unenforceable or insufficient." *Held*, that recourse against the sureties on the general bond for a sheriff's default as tax collector, is limited to cases in which an additional bond is unenforceable or insufficient, releasing them from such liability where no such bond has been required or given.

From Wheeler: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Wheeler County against P. L. Keeton, its former sheriff, and the sureties on his official undertaking, to recover money received by him for taxes, and which sums he retained. The complaint states the jurisdictional facts entitling the plaintiff to institute the action, and alleges in effect that in June, 1902, Keeton was duly elected sheriff of Wheeler County, Oregon, to serve for a term of two years from the first Monday in July then next following; that he accepted the trust, filed the required oath of office, and duly executed to plaintiff his official bond, setting forth a copy thereof, from which it appears that the co-defendants' names are subscribed thereto; that by virtue of the office Keeton was also the duly qualified and acting tax collector for that county; that during the term specified he, as sheriff and tax collector, received from sundry persons, in payment of taxes, money belonging to the plaintiff, amounting to $1,024.82, for which no account was made; and

that he never executed any other bond than that herein-before mentioned, nor did the county court of that county ever require him to deliver a bond for the faithful performance of his duties as tax collector, or determine the amount of an undertaking for that purpose. Judgment is demanded for the amount of the defalcation with interest from July 4, 1904. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained as to all the defendants, except Keeton, and the plaintiff declining further to plead, judgment was rendered against it for the costs and disbursements of the action, and it appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John A. Collier,* District Attorney, *Bela S. Huntingington* and *Hollis S. Wilson,* with an oral argument by *Mr. Huntington.*

For respondent there was a brief over the names of *Jay Bowerman, William H. Wilson, R. Butler* and *Hamilton H. Hendricks,* with oral arguments by *Mr. Wilson* and *Mr. Hendricks.*

MR. JUSTICE MOORE delivered the opinion of the court.

The question to be considered is whether or not an action can be maintained against the sureties on a sheriff's official undertaking, to recover moneys received by that officer as taxes, and for which he failed to account, when no bond was required of or given by him as tax collector. As the inquiry involves the construction of a statute, it is thought proper to call attention to the law applicable in this state to the election and qualification of a sheriff and his duties as tax collector.

General elections are held on the first Monday in June biennially (Const. Or. Art. II. § 14). The qualified voters of each county are authorized to elect, at the time thus designated, a sheriff, who shall hold his office for the

term of two years: B. & C. Comp. § 2524. The sheriff is required to give an official undertaking in the sum of $10,000, with adequate sureties to be approved by the county court, the form of the bond being prescribed: B. & C. Comp. § 2528. The sheriff of each county is the tax collector thereof: B. & C. Comp. § 3093. Before entering upon his duty as tax collector, the sheriff shall give a bond, signed by some responsible surety company, or some responsible surety or sureties, as approved by the county court, conditioned for the faithful performance of his duties as such tax collector, in such amount as the county court shall direct, and such bond, if signed by a surety company, shall be paid for by the county court. Such bond shall be additional and cumulative to the general bond given by the sheriff, to which resort may be had in case of failure or default of his duties as tax collector, if the bond described in this section be unenforceable or insufficient: B. & C. Comp. § 3094.

In *Columbia County* v. *Massie,* 31 Or. 292 (48 Pac. 694), in construing a statute then in force, containing the following clause: "Provided, the sheriff, before entering on the duties of collection of taxes, shall execute an additional bond in such sum as the county court of the county may direct" (Hill's Ann. Laws, § 2794)—it was held that the special bond thus required was not cumulative to the sheriff's official undertaking, and that the sureties on the latter obligation were not liable for a failure of that officer to pay over to the county money which he had collected as taxes. After that decision was rendered the clause of the statute last mentioned was amended so as to read as hereinbefore quoted: B. & C. Comp. § 3094.

It is argued by plaintiff's counsel that the legislative assembly, governed by the decision adverted to, amended the statute in the particulars specified, the effect of which changed the form of the sheriff's official under-

taking as originally prescribed (§ 2528) by impliedly incorporating therein a condition, in substance, that the sureties will be responsible for all moneys that the sheriff may receive as or collect for taxes; that Keeton's co-defendants are charged with notice of the change in the law, and when they subscribed their names to his official undertaking they knew they were incurring a liability for which they would be obliged to respond, if he failed to account for money which he received as taxes; and that as Keeton, for the faithful performance of his duties as tax collector, never gave a bond, it is unenforceable, and in consequence thereof resort may immediately be had to the official undertaking, and such being the case, an error was committeed in sustaining the demurrer. We do not think the legal principles thus insisted upon were contemplated by the amendment of the statute (B. & C. Comp. § 3094) as hereinbefore set forth, a perusal of which, in our opinion, leads to the conclusion that it is incumbent upon the county court, first, to determine the amount of the bond which the sheriff shall give as tax collector, and to direct that such an undertaking be given, in complying with which requirement the sureties on such bond voluntarily assume a primary liability for any default of their principal in failing to pay over, according to law, all moneys that he may have received for taxes. If, however, the sheriff's bond for the faithful performance of his duties as tax collector, is unenforceable or insufficient for any reason, resort may then be had to the general bond given by the sheriff for any failure on his part properly to account for all moneys which he received as taxes, thereby disclosing that the legal liability of the sureties on the sheriff's official undertaking is only secondary.

It will be remembered that the amended statute under consideration, in referring to the undertaking given to

secure the repayment of all moneys collected or received as taxes, contains the following provision:

"Such bond shall be additional and cumulative to the general bond given by the sheriff, to which resort may be had in case of failure or default of his duties as tax collector, if the bond described in this section be unenforceable or insufficient."

By eliminating from the part of the statute thus quoted the clause, "if the bond described in this section be unenforceable or insufficient" the remainder of the language would seem necessarily to induce the determination, that resort might immediately be had to the official bond given by the sheriff in case of failure or default of his duties as tax collector. The retention of such clause, however, makes it quite evident, we think, from an inspection of the entire utterance, that recourse cannot be had to the sureties on the sheriff's official undertaking, for any default of that officer properly to account for and pay over all moneys received by him as taxes, unless, as tax collector, he executes a bond which for any reason may be determined to be unenforceable, or prove to be insufficient. "The duties of a sheriff as such," says Mr. Justice BEAN, in *Columbia County* v. *Massie,* 31 Or. 292, 296 (48 Pac. 694, 695), "are more or less directly connected with the administration of justice, and have no relation whatever to the collection of the public revenues. They relate to the execution of the orders, judgments and processes of the courts, the arrest and detention of persons charged with crime, the preservation of the public peace, the service of papers, and the like." It is the faithful performance of the duties thus enumerated, and the payment, according to law, of all moneys collected or received by the sheriff on account of judgments, decrees, orders, etc., that the sureties on his official undertaking guaranty. These sureties must be residents of the county and have the qualifications of

bail upon arrest (B. & C Comp. § 2528), while a surety company may become responsible for the faithful performance of the duties of the sheriff as·tax collector: B. & C. Comp. § 3094. As. the sureties on the general undertaking are required to be residents of the county, they undoubtedly, without any consideration for the liability assumed, become responsible for the faithful performance of the sheriff's official duties, and for that reason a statute imposing burdens upon them should be construed according to its evident import.

Giving to that part of Section 3094, *supra,* hereinbefore quoted, the interpretation indicated, we think the language used manifests a legislative intent to limit a recourse to the sureties on the sheriff's general bond for any failure or default of his duties as tax collector to cases in which the bond given to guaranty the performance of such duties is unenforceable or insufficient, which necessarily implies that a bond for that purpose must have been given before it could be determined that the conditions of the undertaking were unenforceable, or ascertained that the sureties thereon were insufficient. The sheriff never having executed a bond as tax collector, the sureties on his official undertaking are not liable for any failure or default of their principal to account for and pay over money received by him as taxes.

No error having been committed in sustaining the demurrer, it follows that the judgment is affirmed.

AFFIRMED.