Argued May 16; reversed May 28, 1935

# ANDERSON *v.* JOHNSON ET AL.

(45 P. (2d) 168)

*C. M. Huddleston,* of Corvallis (Middlekauff & Huddleston, of Corvallis, on the brief), for appellant.

*Oscar Hayter,* of Dallas, for respondents A. J. Johnson and the Fidelity & Casualty Company of New York.

*Walter T. Durgan,* of Corvallis (Lester G. Oehler and Fred McHenry, both of Corvallis, on the brief), for respondents H. E. Walter and C. E. McCready.

390

BEAN, J. Plaintiff assigns that the court erred in not finding that the administrator's bonds alleged in the complaint were given for a faithful administration of all the property and assets coming into his hands by virtue of his appointment as general administrator, including the property and assets of the partnership; in sustaining the motion of defendants Fidelity & Casualty Company, H. E. Walter and C. E. McCready, to dismiss the allegations of the complaint as to said defendants, in so far as certain allegations relate to the property or assets of the Johnson Motor Sales Company; in not finding the allegations of the complaint true as to all defendants, except a credit thereon of $520 commission to A. J. Johnson as administrator of the partnership estate of the Johnson Motor Sales Company; in not finding that plaintiff was entitled to recover from defendants A. J. Johnson, H. E. Walter, C. E. McCready, and Fidelity & Casualty Company of New York, and each of them, the further sum of $5,860.77, making a judgment of $851, belonging to the personal estate of Darrel D. Johnson, deceased, which, with the property and assets of the partnership estate,

totaled $6,711.77, with interest thereon from April 10, 1934, together with costs and disbursements.

Plaintiff contends that since the surviving partner, O. O. Johnson, waived his right to be appointed administrator of the partnership estate of the Johnson Motor Sales Company and failed to apply for the administration thereof and qualify therefor, the administration of the partnership estate devolved upon A. J. Johnson by virtue of his appointment as administrator of the individual estate of Darrell D. Johnson, deceased.

Section 11-224, Oregon Code 1930, provides as follows:

"The executor or administrator of a deceased person, who was a member of a copartnership, shall include in the inventory of such person's estate, in a separate schedule, the whole of the property of such partnership; and the appraisers shall estimate the value thereof, and also the value of such person's individual interest in the partnership property, after the payment or satisfaction of all the debts and liabilities of the partnership."

Section 11-225 reads as follows:

"After the inventory is taken, the partnership property shall be in the custody and control of the executor or administrator for the purposes of administration, unless the surviving partner shall, within five days from the filing of the inventory, or such further time as the court or judge may allow, apply for the administration thereof, and give the undertaking therefor hereinafter prescribed."

Section 11-228 reads thus:

"In case the surviving partner is not appointed administrator of the partnership, the administration thereof devolves up [upon] the executor or general administrator; but before entering upon the duties of such administration he shall give an additional undertaking in double the value of the partnership property."

██ Successive or additional bonds given by an administrator for the faithful performance of his trust are cumulative security and the liability of the sureties thereon are as if all had signed the same bond. By furnishing the bonds alleged in the complaint, A. J. Johnson was duly qualified to administer the assets of the partnership property: *Bellinger v. Thompson,* 26 Or. 320, 346 (37 P. 714, 40 P. 229); *Thompson v. Dekum,* 32 Or. 506, 513 (52 P. 517, 755); *Central Banking & Security Co. v. U. S. F. & G. Co.,* 73 W. Va. 197 (80 S. E. 121, 51 L. R. A. (N. S.) 797, 803); 24 C. J. 1060, § 2539; 2 Brandt on Suretyship & Guaranty (3d Ed.), § 713.

██ When O. O. Johnson, the surviving partner of the firm of Johnson Motor Sales Company, waived his right to be appointed as administrator of the estate of said partnership, and failed to apply for the administration thereof, the administration of the assets and property of said partnership devolved upon the general administrator, A. J. Johnson, as surely as any of the property of the personal estate of Darrel D. Johnson, deceased. A. J. Johnson received such property as the general administrator of the individual estate. The decree of the county court finding that A. J. Johnson, as administrator, was in possession of the assets belonging to the estate of Darrel D. Johnson, deceased, and to the partnership estate, aggregating the sum of $7,231.77, is binding and conclusive upon all the defendants, in the absence of fraud or collusion upon the sureties, for the reason that by their contract they have made themselves privy to the proceedings against the principal. When the principal is concluded the surety is concluded also. The liability of the surety on the administrator's bond is coextensive with that of the principal: *Bellinger v. Thompson,* supra; *Rutenic*

*v. Hamakar,* 40 Or. 444, 456 (67 P. 196) ; *United Brethren v. Akin,* 45 Or. 247, 250 (77 P. 748, 66 L. R. A. 654, 2 Ann. Cas. 353) ; *Exendine v. Iron,* 153 Okla. 177 (4 P. (2d) 1035, 1037).

The bonds, upon which the Fidelity & Casualty Company of New York was surety, condition that A. J. Johnson shall faithfully perform his trust as administrator according to law, were required and given on account of the partnership assets and property, the administration of which devolved upon A. J. Johnson, as general administrator of the estate of Darrel D. Johnson, deceased.

■ It is contended by the defendant sureties that the bond given by the surety, conditioned on the performance of the duties of the principal in said office, does not cover defaults of that principal in the performance of a duty not included in that office, citing *Columbia County v. Massie,* 31 Or. 292 (48 P. 694) ; *Wheeler County v. Keeton,* 52 Or. 16 (95 P. 819) ; Annotation 43 L. R. A. (N. S.) 308. With this proposition we are fully in accord, but, as we have already suggested, the administration of the partnership estate mentioned pertained to the duties of, and was included in, the administration of the estate of Darrel D. Johnson, deceased. The facts and law of this case are not like those referred to by the learned counsel for defendant sureties as analogous cases, where a sheriff of a county gives a separate bond as tax collector, under section 69-703, Oregon Code 1930, as shown by the cases of *Wheeler County v. Keeton,* supra, and *Columbia County v. Massie,* supra.

Counsel for the defendant sureties candidly submit that the bonds filed by the administrator of the general or individual estate do not cover defaults in the performance of duties as administrator of the partner-

ship by the express provisions of our statute above quoted "unless the duties of administering the partnership are included within the duties of the general administrator". We hold that the duties of administering the partnership estate of the Johnson Motor Sales Company in the present case were included within the duties of the general administrator.

Counsel for defendants Walter and McCready cite *Orrick v. Vahey,* 49 Mo. 428. In that state the provisions of the statute are different from those in Oregon, as shown by the following quotation therefrom:

"In all instances the surviving partner has the choice to administer on the partnership effects if he sees proper to do so; but if he neglects, then the individual administrator may take out letters of administration on the partnership estate. But he is required to give a new bond, and he acts in a new, separate and distinct capacity."

It is stated that there is a conflict of authorities upon similar questions, but we do not believe there is any conflict of authorities where the statute of the state is as plain as ours. The apparent conflict in such cases is well explained in the notes in 43 L. R. A. (N. S.) 308. The case of *Palicio v. Bigne,* 15 Or. 142 (13 P. 765), is not a guide in the present case because the facts are variant from those in the present case.

■ The liability of the sureties is coextensive with that of their principal and the plaintiff is entitled to judgment against the sureties equal to that against A. J. Johnson. It is so nominated in each of the bonds mentioned.

The judgment of the circuit court will be reversed as to the sureties and the cause remanded for such further proceedings as may be deemed proper, in accordance with this opinion.

CAMPBELL, C. J., not sitting.